Dennis HOWELL, Plaintiff/Appellant,

v.

Louis W. SULLIVAN, M.D., Defendant/Appellee.

No. 90–3664.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1991.

Decided Oct. 15, 1991.*

Rehearing Denied Nov. 5, 1991.

---

* This appeal was originally decided by unpublished order on October 15, 1991. *See* Circuit Rule 53. The Court, upon request, issues this decision as an opinion.

Kenneth D. Rose (argued), Anna, Ill., for plaintiff-appellant.

Laura J. Jones, Asst. U.S. Atty., Benton, Ill., Denise McDuffie Martin (argued), Dept. of Health and Human Services, Re-

gion V, Office of the General Counsel, Chicago, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and CUMMINGS and WOOD, Jr., Circuit Judges.

CUMMINGS, Circuit Judge.

Dennis Howell applied for disability insurance benefits and supplemental social security income on June 18, 1987, alleging an onset of disability due to back pain since November 23, 1984. The claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied Howell's request for review. Howell sought judicial review in the United States District Court. The matter was referred to a United States Magistrate Judge. The magistrate judge heard oral argument without briefs and recommended remanding the matter for further administrative development and consideration by the Secretary. The Secretary objected to the magistrate judge's report and recommendation and requested that the district court affirm the administrative decision. After reviewing *de novo* the portions of the magistrate judge's report and recommendation to which the Secretary objected, 28 U.S.C. § 636(b), the district court rejected the magistrate judge's report and recommendation and affirmed the Secretary's decision. Howell filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied. Howell now appeals the ALJ's decision.

## I. BACKGROUND

At the time of the hearing, Howell was 44 years old and had not worked since 1984. Though he had been a poor student, he had an eighth grade education and was literate in English. He had worked as a tuckpointer/bricklayer. Howell testified that he had a constant burning sensation in his lower back and complained of chest pains that had occurred weekly for several years. He stated that he could stand for 15 to 20 minutes, sit for about an hour, walk only about a block, and lift no more than 12 pounds. As for his mental condition, Howell testified that he felt nervous and depressed. He also testified that for the past five years he drank alcohol everyday—approximately three six-packs of beer a day. In fact, before the hearing he drank one beer and three glasses of vodka to help ease the back pain. Twice he was convicted of driving under the influence of alcohol and consequently lost his driving privileges. However, he stated that he had never lost a job due to his drinking nor had he experienced unusual problems with his family because of it. Howell's wife and minister testified that he had formerly been more active, but now he sits around and is irritable.

After the conclusion of the hearing, Howell renewed his request for a psychological evaluation in light of his depression and heavy alcohol consumption. The ALJ took that request under advisement.

### A. Medical Evidence

Howell was treated in May and June of 1987 by Dr. Ritter, an orthopedic surgeon. Dr. Ritter's notes indicate that Howell had fallen off a barn when he was 12 years old, injuring his tail bone. Dr. Ritter also noted that Howell had no pain or numbness in his legs although he had limited restriction of flexion to 75 degrees. His straight leg raising was negative for sciatica and his knee and ankle reflexes were normal. Howell's motor strength and sensation were normal, but there was some tightness of the paralumbar muscles. X-rays of the lumbar spine showed narrowing, some sclerotic changes, and some early degenerative changes. However, the upper lumbar spine appeared normal. Dr. Ritter concluded that Howell was not a good candidate for surgery but that he should seek help through vocational rehabilitation for training in a less strenuous job. Dr. Ritter opined that Howell's taking of occasional aspirin was reasonable. A CT scan that was performed on July 7, 1987 showed degenerative disc disease at discs L4/L5 and L5–S1 with some posterior bulging.

Dr. Rodriguez, Howell's treating physician, reported in July 1987 that Howell had a history of ruptured discs and of chest pain that occurred about twice a week and was unrelated to exertion. Howell's blood pressure was slightly elevated, and he became short of breath. He was treated for hypertension and with analgesics for back pain. Dr. Rodriguez noted that Howell was able to walk without the assistance of a device and that he had 70 degrees of flexion and 10 degrees of extension in the lower back.

On July 13, 1987, Howell was hospitalized for chest pain that radiated to his left shoulder and neck. The physical examination taken at the hospital indicated that his blood pressure and heart sounds were of good quality. An examination of his extremities was negative. The electrocardiograms and chest X-rays taken during his hospital stay were normal. Howell was released from the hospital the following day.

In August and September 1987, two physicians for the Social Security Administration reviewed Howell's medical records. According to their assessments, Howell could lift and/or carry 50 pounds. They opined that Howell could stand and/or walk for six hours in an eight-hour day and that he could sit for six hours in an eight-hour day. They further assessed that Howell was not limited in his ability to push, pull, reach, handle, finger, feel, see, hear, and speak and that he could frequently climb, balance, stoop, kneel, crouch, and crawl.

In September 1987, Dr. Rodriguez reported that Howell had problems with low back pain and numbness in his legs and that consequently he walked in a bent position. Dr. Rodriguez also noted frequent episodes of chest pain. Dr. Rodriguez concluded that Howell was totally and permanently disabled. In January 1988, because of Howell's complaints of chest pain, Dr. Rodriguez advised Howell to see a cardiologist (which Howell never did). Dr. Rodriguez concluded at that time that Howell would not be able to perform a job that required bending, stooping, walking, or standing for two hours and lifting.

### B. Findings of the ALJ

To determine whether Howell suffered from a disability as defined in the Social Security Act, the ALJ applied the standard five-step sequential analysis. *Herr v. Sullivan,* 912 F.2d 178, 180 n. 1 (7th Cir.1990). The ALJ found that Howell had not engaged in gainful employment since November 22, 1984. He also found that the evidence established that Howell had chronic low back pain, intermittent chest pain, and hypertension, but that Howell did not have an impairment or a combination of impairments that met or equaled in severity the requirements of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("listings"). The ALJ further found that Howell was unable to return to his past relevant work as a bricklayer. The ALJ's ultimate finding that Howell was not disabled occurred at the fifth step of the evaluation. Deeming that Howell's subjective complaints were not consistent with other evidence in the record and thus not credible, the ALJ found that Howell had the residual functional capacity to perform a full range of sedentary work and that Howell did not have any significant nonexertional impairment. Because of Howell's residual functional capacity, his age, education, and work experience, the Medical Vocational Guidelines ("grid") directed a conclusion that Howell was not disabled and therefore not entitled to either disability insurance benefits or supplemental social security income. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 201.18 and 201.19 of Table No. 1.

In coming to his conclusion, the ALJ denied Howell's request for a psychological evaluation. The ALJ noted that it is the responsibility of a claimant to prove that he is disabled by presenting medical evidence that includes complete and detailed clinical and laboratory findings and that Howell had not done so. The ALJ stated that it was not his responsibility to develop a diagnosis by going on a "fishing expedition" for mental impairments.

## II. ANALYSIS

█ In reviewing a decision by the Secretary, a court must review all of the evidence in the record. *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir.1986). Because the Appeals Council found no basis for further review, the ALJ's findings stand as those of the Secretary. *Veal v. Bowen,* 833 F.2d 693, 694 (7th Cir.1987). Unless the Secretary has committed an error of law, this court may not overturn his factual findings as long as they are supported by substantial evidence. 42 U.S.C. § 405(g); *Arbogast v. Bowen,* 860 F.2d 1400, 1403 (7th Cir.1988). Substantial evidence means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Although an appellate court may not reweigh the evidence or substitute its judgment for the Secretary's, *Stuckey v. Sullivan,* 881 F.2d 506, 508 (7th Cir. 1989), we may not simply rubber-stamp the Secretary's decision without a critical review of the evidence. *Veal,* 833 F.2d at 696.

On appeal to this court, Howell contends that the Secretary's findings were not supported by substantial evidence. He alleges that the Secretary erred: 1) by concluding that Howell's physical impairments do not preclude him from performing sedentary work; 2) by ignoring Howell's mental impairments; and 3) by employing the grid.

### A. *Physical Impairments*

Howell argues that his physical limitations, i.e., his back and chest pain, as noted by his family physician, Dr. Rodriguez, prevent him from engaging in sedentary work. He also argues that his case should be remanded because Social Security Ruling ("SSR") 88–13 was not applied in evaluating his back pain.

1. The ALJ ruled on Howell's case on February 19, 1988, and the Appeals Council denied review on July 12, 1988. SSR 88–13 was published on July 20, 1988, with an effective date for the policy explained therein of August 20, 1980.

### 1. Back and Chest Pain

█ In arguing that the ALJ erred in finding that Howell had the physical ability to perform sedentary work, Howell relies exclusively on his own allegations of pain and on the conclusions of Dr. Rodriguez, his treating physician. The magistrate judge found that the ALJ was free to discount Dr. Rodriguez's assessments, *Veal,* 833 F.2d at 699, in that they were not based on clinical findings. As a result, the magistrate judge recommended upholding the Secretary's conclusion that Howell's physical limitations were consistent with sedentary work. The district court adopted the magistrate judge's findings on this point noting that Howell did not object to them. Therefore, Howell has waived this issue on appeal. *See Lockert v. Faulkner,* 843 F.2d 1015, 1017 (7th Cir.1988); *Cheshier v. Bowen,* 831 F.2d 687, 689 (7th Cir. 1987) (failure to object to an issue in the magistrate judge's report and recommendation deprives the district court of the opportunity to rule on that issue and thus waives it on appeal).

### 2. Social Security Rule 88–13

█ Howell contends that his case should be remanded because the ALJ failed to apply SSR 88–13 in evaluating his back pain.[1] SSR 88–13 is an interpretative ruling that provides guidance on the consideration to be given to symptoms, including pain, in evaluating disabilities under the Social Security Act.

SSR 88–13 does not require a remand for all cases that allege pain that have been decided since August 20, 1980. First, SSR 88–13 itself says nothing about rehearing cases that fall within the effective period but after the announcement of SSR 88–13. Second, SSR 88–13 states that while it supersedes its predecessor, SSR 82–58, it reiterates the Secretary's policy on the evaluation of pain and other symptoms as contained in 20 C.F.R. §§ 404.1529 and 416.929 (symptoms of pain are considered to the

Howell argues that because his alleged onset of disability is included within the effective date of SSR 88–13, his case should be remanded for an evaluation of his back pain under the new ruling.

extent that medical findings confirm a condition that could reasonably produce such symptoms). Finally, SSR 88–13 is consistent with the existing law in this circuit—that a subjective complaint of pain supported by objective medical evidence may not be discounted. *Walker v. Bowen*, 834 F.2d 635, 641 (7th Cir.1987); *see also Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir.1989) ("if the ALJ complied with this court's precedent, it does not matter if the ALJ failed to follow SSR 88–13 because it does not change the law").

Howell also argues that the ALJ failed to comply with SSR 88–13 by not considering his work history or the side effects of his medication, which in this case was alcohol as a pain reliever. This allegation has no merit. The ALJ clearly considered Howell's work history in finding that he had not worked since November 23, 1984 and that he was unable to perform his past work as a bricklayer. Howell provided no objective evidence that he was using alcohol as a pain reliever other than his own allegations. The only medication referred to in the record for Howell's pain was occasional aspirin, and there was no evidence that Howell experienced any side effects from aspirin.

The record indicates that the ALJ considered all the evidence before him. The ALJ recognized that Howell has chronic back pain, and for that reason found that he was not able to perform his past work. However, the ALJ found that Howell's complaints of pain were not credible because they were inconsistent with the record as a whole. There is no indication that the ALJ failed to comply with the policy behind SSR 88–13.

### B.  Mental Impairments

Howell argues that he is further disabled by two additional nonexertional impairments, alcoholism and depression. He asserts that the ALJ erred in denying his requests for a psychological consultation.

While the magistrate judge recommended a remand for a complete evaluation of Howell's alcoholism and his ability to perform work-related activities, the district court disagreed.

An ALJ has an obligation to develop a full and fair record. *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir.1991). It is the claimant, however, who bears the responsibility of providing medical evidence of a mental impairment. 20 C.F.R. §§ 404.-1514 and 404.1508. Once a claimant has presented evidence that he suffers from a mental impairment, the Secretary is required to complete a standard document. 20 C.F.R. § 404.1520a(d). However, consultative examinations are not required unless they are necessary for the ALJ to make a disability determination. *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990); *cf. Stambaugh v. Sullivan*, 929 F.2d 292, 296 (7th Cir.1991) (though the regulations do not mandate a psychological evaluation of every alcoholic who claims a disability, where sufficient evidence of alcoholism is presented, one should be ordered).

The district court found that the only evidence that Howell presented of his alcoholism and depression came from himself and his wife, and thus the ALJ was under no duty to prepare a standard document. Noting that a laboratory test indicated that he had an elevated level of a liver enzyme, SGOT, Howell argues that the elevated SGOT level indicates an alcohol-related liver disease. Howell argues that testimony of the quantity of alcohol that he consumes daily, of his convictions for driving under the influence, of his daily functioning, together with his elevated SGOT level warranted a consultative examination. *Id.* at 295 ("When evidence of alcoholism is presented in the administrative hearing, the ALJ is required to inquire into the present status and possible effects of that alcoholism even though a claimant may fail to raise the issue or present evidence of alcoholism as a disability.").[2] Finally, he

---

**2.** In a recent case, this Court noted that: "The regulations make clear that alcoholism is not a listed impairment, 20 C.F.R. § 404.1525(e), an impairment ... that without more demonstrates total disability under the regulations." *O'Connor v. Sullivan*, 938 F.2d 70, 74 (7th Cir.1991). Only if alcoholism causes physical or behavioral changes that satisfy the criteria for a listed im-

argues that the ALJ's statement that Howell's "situational depression [was] entirely commensurate with the claimant's inability to perform his past heavy work" suggests that the ALJ discounted the impact of Howell's depression.

■ The ALJ did not err in not ordering a consultative examination. Neither Howell nor his witnesses testified that Howell suffered any disabling repercussions from his drinking. Unlike other cases that this court has remanded for further development of the record, here there was no objective evidence to support Howell's alcoholism claim. *See, e.g., O'Connor v. Sullivan*, 938 F.2d 70, 72 (7th Cir.1991) (claimant's alcoholism caused him at times to go off his diet and forget his medicine for diabetes, resulting in seizures and other medical crises requiring hospitalization); *Thompson*, 933 F.2d at 583 (medical evidence included a diagnosis of chronic alcoholism); *Stambaugh*, 929 F.2d at 294 (medical records indicated a history of alcohol-related diseases); *Ray v. Bowen*, 843 F.2d 998 (7th Cir.1988) (the record had documented reports of claimant's chronic alcoholism); *Cannon v. Harris*, 651 F.2d 513, 516 (7th Cir.1981) (hospital records included a diagnosis of chronic alcoholism); *but see Strunk v. Heckler*, 732 F.2d 1357, 1364 (7th Cir.1984) (ALJ was not required to further develop the record where the evidence indicated that the claimant was not addicted to alcohol, but rather was a voluntary drinker). Moreover, apart from Howell's speculation, there is no evaluation by a doctor that the SGOT level was the result of alcoholism rather than of any other possible cause. The ALJ's remark regarding Howell's "situational depression" was made while noting that there was no medical evidence in the record of depression that would qualify as an impairment. Given the lack of any medical evidence in the record to support Howell's complaints of depression and alcoholism, the ALJ was under no duty to order a consultative examination.

pairment will a claimant be entitled to benefits without making a further showing. *Id.* (citing

## C. The Grid

"The grid is a chart which classifies a claimant as disabled or not disabled, based on the claimant's physical capacity, age, education, and work experience." *Walker*, 834 F.2d at 640. "Where a claimant's characteristics correspond to factors on the grid, the [Medical–Vocational] Guidelines determine disability based on the availability of suitable jobs for the claimant in the national economy." *Caldarulo v. Bowen*, 857 F.2d 410, 413 (7th Cir.1988). Howell notes that the use of the grid may be inappropriate if the claimant suffers from severe nonexertional impairments that prevent him from performing the work indicated by the grid. *Walker*, 834 F.2d at 640–41. Howell argues that the ALJ erred in applying the grid given all of Howell's nonexertional impairments of alcoholism, depression, slow learning, and pain.

■ The question for this court is whether the application of the grid to Howell's claim is supported by substantial evidence in the record. *Caldarulo*, 857 F.2d at 413. Here, the ALJ explicitly found that Howell had no significant nonexertional limitations. The ALJ was not persuaded that Howell's alcoholism, depression, or pain were so severe as to be disabling. *See Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir.1990) ("the disabling extent of a claimant's pain is a question of fact for the ALJ"). The record fully supports this view. Howell has not established that the ALJ's reliance on the grid was not supported by substantial evidence.

## III. CONCLUSION

For all of the above reasons, the decision of the district court is AFFIRMED.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.-09).