Calvin DENNIS

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

Civ. A. No. 90–7738.

United States District Court,
E.D. Pennsylvania.

Feb. 21, 1992.

Pamela Walz, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

John N. Joseph, Dorothea J. Lundelius, Sp. Asst. U.S. Atty., Health & Human Services, Region III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the motion for summary judgment of the plaintiff, the motion for summary judgment of the defendant and the response of the plaintiff to the defendant's motion for summary judgment. For the following reasons the motion for summary judgment of the plaintiff is granted and the motion for summary judgment of the defendant is denied. The matter is remanded to the Secretary for further findings not inconsistent with this opinion.

## PROCEDURAL HISTORY

The plaintiff filed an application for social security benefits claiming he was disabled on November 9, 1988. This application was denied as was plaintiff's motion for reconsideration. Plaintiff requested and was granted a hearing before an administrative law judge on December 11, 1989. Plaintiff was represented by counsel at the hearing and testified on his own behalf. A vocational expert testified as well as a consultative psychologist. On February 26, 1990, the administrative law judge denied the plaintiff's claim determining that he was not disabled. Plaintiff sought review from the Appeals Council which was denied. Appeal to this Court followed. The parties have filed cross-motions for summary judgment. The facts underlying the plaintiff's claim will be discussed where relevant.

## DISCUSSION

### A. *Standard*

█ The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). When considering a motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir.1988). When reviewing a motion for summary judgment, this Court should resolve all reasonable doubts and inferences in favor of the nonmoving party. *Arnold Pontiac—GMC, Inc. v. General Motors Corp.*, 700 F.Supp. 838, 840 (W.D.Pa. 1988).

The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "As to materiality, the substantive law will identify which facts are material." *Id.* If the court determines that a material issue of fact remains for the jury to decide, the court cannot grant summary judgment.

█ Review of a final decision of the Secretary is limited to a determination of whether or not the decision of the Secretary to deny benefits is supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir.1988); *Johnson v. Sullivan*, 749 F.Supp. 664, 666 (E.D.Pa. 1990). Substantial evidence is such rele-

vant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). This Court does not undertake a *de novo* review of the factual findings of the Secretary or reweigh the evidence. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190–91 (3d Cir.1986). The Court must affirm the findings of the Secretary if those findings are supported by substantial evidence. *Id.*

B. *Analysis*

The issue before the Court is whether the findings of the administrative law judge [hereinafter "ALJ"] are based upon substantial evidence. The Court is specifically concerned about the finding of the ALJ stating that the plaintiff is not impaired by alcoholism:

2. The medical evidence establishes that the claimant has severe chronic alcoholism, drug abuse, a history of hypertension and is status-post fracture of the left ankle and status-post lung abscess, but that he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

3. The claimant's description of subjective complaints and symptoms is not supported by the medical evidence of record.

*ALJ decision,* at pg. 5. These two findings form the first basis for which the plaintiff seeks review of the decision of the ALJ.

▮▮▮▮ The law in the Third Circuit regarding disability[1] under the Social Securi-

ty Act for alcoholism was established in *McShea v. Schweiker,* 700 F.2d 117 (3d Cir.1983) and *Purter v. Heckler,* 771 F.2d 682 (3d Cir.1985). The court recently elaborated on these two decisions in *Petition of Sullivan,* 904 F.2d 826 (3d Cir.1990). In *Petition of Sullivan* the Third Circuit stated the following:

(1) alcoholism is defined as an inability to control the use of alcohol; (2) alcoholism, by itself, can constitute a disability for purposes of the SSI and SSDI programs; (3) the Secretary must recognize that end-organ damage is not the only way to prove disability due to alcoholism; (4) the fact that a claimant suffers from alcoholism is not the end of the inquiry for awarding SSI or SSDI benefits; and (5) instead, the claimant's alcoholism must be severe enough to prevent him from engaging in substantial gainful employment.

904 F.2d at 844. In *Purter,* the court determined the proper sequence for evaluation of alcoholism claims:

[T]he Secretary must not only determine whether [the claimant] has lost the ability to control his addiction to alcohol, but also, how the evidence of alcoholism and its effects on his other impairments relates to his functional abilities.... It is not enough for the ALJ to simply find that the claimant's impairments, when considered in combination, are not disabling without articulating the basis for his decision.

771 F.2d at 699 (citations omitted). Specific findings concerning the extent of the claimant's alcohol dependence, his ability to control its use, and the effect of the alcoholism on his functional capacity to work are required. *Sutton v. Sullivan,* Civil

1. The ALJ must apply a five part test when evaluating whether a claimant is disabled. First, is the claimant currently employed? If so, then he is automatically considered not disabled. Second, does the claimant have a severe impairment. A severe impairment is one which would significantly limit the claimants ability to do work related functions. If not, then he is automatically considered not disabled. Third, does the claimant have an impairment equivalent to one in the regulations? If he does, then he is automatically considered disabled. If he does not, then the vocational tests in steps four

and five are required. Fourth, does the claimant's impairment prevent him from performing the work he has done in the past? The claimant bears the burden on this issue, and, if he meets it, then the burden shifts to the Secretary at step five. If he fails to meet it, he is not disabled. Fifth, did the Secretary prove that the impairment does not prevent him from performing other work found in the national economy. 42 U.S.C. § 423(d)(2)(A); *Sullivan v. Zebley,* 493 U.S. 521, 110 S.Ct. 885, 888–89, 107 L.Ed.2d 967 (1990); *Wrona v. Sullivan,* 767 F.Supp. 356, 358–59 (D.Mass.1991).

Action # 88–8125, slip op., 1990 WL 210613 (E.D.Pa. December 17, 1990) (Ditter, J.). The degree of alcoholism necessary for the impairment to be disabling is not whether the claimant can survive out of an institution, but whether the claimant can work. *O'Connor v. Sullivan,* 938 F.2d 70, 74 (7th Cir.1991). The level of functioning to stay out of an institution—the ability to feed oneself and socialize—is a lesser degree of functioning than that required to work. *Id.* "A higher degree of sobriety is required to hold a job...." *Id.* Where an individual is unable to control his drinking and unable to do light work unless his drinking is controlled, that individual is disabled. *Id.* The regulations provide that alcoholism will only be disabling if it causes or results in physical or behavioral changes that satisfy the criteria for listed impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.09; *Howell v. Sullivan,* 950 F.2d 343 (7th Cir.1991).

■ From these cases the following principles regarding alcoholism as a disability become evident. Alcoholism, standing alone, can be a impairment that is disabling if it is severe enough. Finding that alcoholism is a disability requires a finding that the claimant is addicted to alcohol and a further finding that the claimant is unable to control its use. The ALJ must then determine if the addiction and the inability to control are severe enough to prevent the claimant from returning to gainful employment. The level of severity required is not so great that the claimant must completely rely upon others to perform all of the necessary tasks of life. The issue is whether his addiction and lack of control are so severe that he could not obtain work or hold work. The ALJ must make specific findings on all of these questions and those findings must be supported by substantial evidence.

■ Considering the record developed in this case and the findings of the ALJ, the Court determines that it is necessary to remand this case to the Secretary for further factual findings not inconsistent with this opinion. The remand is required for two reasons, each one sufficient in itself to justify a remand. First, the ALJ failed to make the necessary findings regarding the claimant's alleged disability. Second, the finding of the ALJ that the claimant has the ability to control his use of alcohol is not supported by substantial evidence in the record. A remand is required for the ALJ to make the necessary findings and determine, given the claimant's lack of control, whether the claimant has the ability to work[2].

■ The findings of the ALJ relating to the alleged alcoholism disability simply state that the claimant has severe chronic alcoholism. There is no finding regarding the ability to control his alcoholism or support stated for such a finding. There is no finding on the extent of the claimant's alcoholism or on its effect on his ability to work. In the ALJ's discussion of the record, the ALJ states that there is no evidence of lack of control. While the basis for this statement will be discussed later in this Memorandum, there are also no specific findings or support given for the statement. Clearly there are insufficient findings on the issue of alcoholism disability.

The ALJ states that there is no evidence to support the claimant's contention that he lacks the ability to control his alcohol abuse. *ALJ Decision,* at pg. 4. The evidence which the ALJ apparently relies upon for this statement is found on the first page of the decision. The summary provided by the ALJ states the claimant can cook, clean, shop, and use public transportation. The claimant socializes with his family and those with whom he drinks. The claimant also had a history of hospitalization for alcohol detoxification until May of 1986. Further on in the decision the ALJ notes that the claimant testified he

---

**2.** The Court notes that the hypotheticals which the ALJ asked the vocational expert did not address the claimant's alcohol related problems. The hypotheticals also did not properly inquire as to the claimant's ability to work given his lack of control or what jobs would be suitable for the claimant given his lack of control. Therefore, the vocational testimony developed in the record is not sufficient to support the ALJ's findings.

drinks approximately one-half gallon of wine a day and uses cocaine on occasion.

Also in the record are the statements by the claimant and a consultative psychologist. The consultative psychologist testified that the claimant was alcohol dependent as of his examination. Further, the claimant was only able to sustain a routine and exercise judgment when he was not drinking, and his attendance would greatly depend on his sobriety. The psychologist also stated that the claimant is not very functional when he drinks. Between 1982 and 1986 he was admitted six times to substance abuse programs with no apparent success. Compared to the summary of the testimony provided by the ALJ, the claimant did not testify to the mobility or ability to which the ALJ found that he admitted. His testimony is that he only shops once or twice a month and cleans every two weeks. He states that he tires if he walks more than a block and becomes dizzy. His testimony is that he drinks all day long and starts in the morning. He also testified that he drinks whenever he has something important to do, visit a doctor or pick up his welfare check. Such a statement would clearly have bearing on the claimant's ability to work and refrain from drinking. This Court does not find that the ALJ must believe all of the statements of the claimant. The Court does find it improper for the ALJ to base the finding of control on mischaracterized statements of the claimant. The claimant's statements differ markedly from the ALJ's summary of same.

The ALJ's finding of the ability to control apparently rests upon the testimony of the claimant himself. The Court finds that the ALJ has mischaracterized and misconstrued those statements in such a way that it would be improper to base a finding of the ability to control. The claimant's testimony of his ability to control is less important than a showing of actual control. *Purter,* 771 F.2d at 698. The pattern of repeated failed attempts at therapy belies any finding of control. *Johnson v. Sullivan,* 749 F.Supp. 664, 670 (E.D.Pa.1990). Considering the evidence in the record and the findings of the ALJ, the Court deter-

mines that any finding of control was not based upon substantial evidence.

The facts in this case significantly resemble the facts in *Johnson.* The court in *Johnson* found that a finding of control was not supported by substantial evidence where there was evidence of repeated failed attempts at therapy, the claimant was able to not drink only long enough to wait for the liquor store to open, and the ALJ failed to consider the claimant's own testimony regarding his alcoholism that he began to drink in the morning and drank during the day. *Id.* at 670–71. The court in *Johnson* found that the decision of the ALJ was not based upon substantial evidence and remanded. The decision of the ALJ in this case regarding the claimant's ability to control his alcohol addiction is not based upon substantial evidence. There are also none of the required findings on alcoholism as a disability. This case must be remanded to the Secretary for further findings regarding the claimant's ability to control his addiction, the effect any lack of control has on his ability to work, and whether he is capable of working.