986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralph H. YOUNG, Plaintiff/Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
** Defendant/Appellee.
 No. 91-3783.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided March 4, 1993.
 
 Before POSNER, and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Ralph Young applied for disability benefits under the Supplemental Security Income Program in March 1987. 42 U.S.C. § 1381 et seq.. The administrative law judge ("ALJ") determined that Young was not disabled because he could perform a significant number of jobs in the economy. The Appeals Council vacated the decision and remanded for additional findings. The ALJ conducted a second hearing and found that Young was not disabled for purposes of the SSI program; the ALJ determined that although Young had severe heart disease, arthritis and alcoholism, Young did not have an impairment or combination of impairments listed in, or medically equal to one listed in the regulations. The Appeals Council denied Young's request for review, leaving the ALJ determination as the Secretary's final decision. Young filed a complaint in the district court. The court affirmed the Secretary's final decision, holding that substantial evidence supported the finding that Young was not disabled. We affirm the judgment of the district court.
 
 
 2
 Young raises two arguments on appeal. First, he argues that the district court erred in determining that substantial evidence supported the ALJ's findings that Young was not disabled because of his alcoholism and that he could perform light work. Second, he argues that the ALJ incorrectly found that Young's work as the owner and operator of a freight delivery service constituted substantial gainful activity.
 
 
 3
 We are limited in our review to determining whether the final decision of the Secretary is "supported by substantial evidence and based on the proper legal criteria." Ehrhart v. Secretary of Health & Human Services, 969 F.2d 534, 538 (7th Cir.1992) (citations omitted). Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ... however, we may not reweigh the evidence or decide whether a claimant is disabled." Id. (citations omitted).
 
 
 4
 The ALJ used the "grid" to determine that Young was not disabled and could perform a significant number of light semi-skilled jobs.[1] The ALJ also found that Young was not so severely impaired by alcoholism that he would be precluded from performing a substantial number of jobs that would otherwise be available to him.
 
 
 5
 Alcoholism is not a listed impairment, O'Connor v. Sullivan, 938 F.2d 70, 74 (7th Cir.1991); however, alcoholism may satisfy the criteria for a listed impairment if the claimant is unable to control his drinking and unable to work unless he does control his drinking. Id; see Cannon v. Harris, 651 F.2d 513, 518-19 (7th Cir.1981). The ALJ must investigate these questions when medical evidence indicates that the claimant is an alcoholic. Howell v. Sullivan, 950 F.2d 343 (7th Cir.1991); Stambaugh v. Sullivan, 929 F.2d 292, 295 (7th Cir.1991) ("When evidence of alcoholism is presented in the administrative hearing, the ALJ is required to inquire into the present status and possible effects of that alcoholism ...").
 
 
 6
 The impact of Young's alcoholism was thoroughly investigated. A psychologist conducted a psychological consultive examination of Young. Several doctors completed psychiatric reviews, mental residual functional capacity assessments, and other tests. Three vocational experts testified at the hearings about the effect drinking would have on Young's ability to work. The ALJ took all the evidence into consideration in determining whether Young was able to control his drinking in order to work.
 
 
 7
 Although the parties agree that Young is an alcoholic, the ALJ found that Young could control his drinking. In this regard, the ALJ did not find Young's testimony regarding his drinking entirely credible. The evidence supports this finding. Young did not present medical evidence that he had suffered physical impairments due to his drinking. Although he testified that he had been consuming a fifth of rum each day for the past twenty years, he presented no evidence that drinking had ever interfered with his prior work. Several psychiatric examinations revealed that Young's abuse of alcohol limited his abilities only slightly. Two vocational experts testified that Young had the capacity to perform light sedentary work and had transferable skills. Although there was testimony that Young would not be able to work if he was really drinking the amounts he claimed, substantial evidence supported the finding that Young's functions were not impaired by alcohol.
 
 
 8
 The district court concluded that it did not have to reach the issue of whether Young's air cargo delivery business constituted substantial gainful activity. We agree.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Donna E. Shalala has been substituted for Louis W. Sullivan
 
 
 [1]
 Young does not appeal the ALJ's use of the grid