7 F.3d 239
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie J. WILSON, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health
and Human Services, Defendant-Appellee.
 No. 93-1438.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 7, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Willie J. Wilson ("Wilson") appeals the district court's judgment upholding the final decision of the Secretary of Health and Human Services (the "Secretary") which denied his application for a period of disability and disability insurance benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423. We affirm.
 
 I. FACTS
 
 2
 Wilson filed an application for disability insurance benefits on December 23, 1986. The application alleged that in October 1980 Wilson became unable to perform his usual work because of a nervous condition, back pain, headaches, and high blood pressure. The Secretary denied the application initially and upon reconsideration. An administrative hearing was held before an Administrative Law Judge ("ALJ") on March 30, 1988. The Appeals Council of the Department of Health and Human Services vacated two decisions of the ALJ. After the second remand, a second hearing was held on September 25, 1989. On April 17, 1991 the ALJ issued an opinion denying Wilson disability insurance benefits.
 
 
 3
 On November 25, 1991, the Appeals Council declined to review the ALJ's decision, thus adopting it as the final decision of the Secretary. Wilson then filed this action in federal district court, seeking judicial review of the decision.
 
 
 4
 Wilson was 60 years old at the time of the administrative hearing on September 25, 1989. He had graduated from high school. From 1965 to February 29, 1980, Wilson worked for Chrysler Corporation ("Chrysler") as an inspector, machine operator, and production supervisor. Wilson worked as an inspector for six months prior to his injury, which required constant standing and lifting equipment of over 100 pounds. Wilson was a production supervisor for seven years prior to his inspector position. This did not require any lifting but did require constant standing.
 
 
 5
 On March 1, 1980 Wilson injured his back lifting a furnace in his house. Wilson was hospitalized from March 10 to March 25, 1980 and underwent surgery on March 17, 1980. Wilson returned to Chrysler for a short time after the injury and left in October 1980.
 
 II. STANDARD OF REVIEW
 
 6
 Under the Social Security Act we must accept the Secretary's factual findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as to support a conclusion, taking into account whatever in the record fairly detracts from its weight." Richardson v. Perales, 402 U.S. 389, 401 (1971). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Reynolds v. Bowen, 844 F.2d 451, 456 (7th Cir.1988).
 
 III. ANALYSIS
 
 7
 Wilson asserts that he is disabled as a result of his back injury, depression, and anxiety. The record contains reports by several medical professionals. The reports which support Wilson most strongly are from Dr. Richard Bowling, a general practitioner who has attended Wilson since 1980. Dr. Bowling has made several reports finding that Wilson suffers from lumbar disc disease, depression, and anxiety. Dr. Bowling concluded that Wilson was capable of only sedentary activity and, with marked limitations, was unable to engage in situations involving stress or interpersonal relations.
 
 
 8
 Under Step 4 of the five-step sequential procedure for evaluation of disability claims, an individual who can perform past relevant work, which is work performed within the past 15 years, is not disabled. 20 C.F.R. §§ 404.1520, 404.1565. The ALJ found that Wilson was capable of performing light work as a production supervisor for Chrysler. Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds." 20 C.F.R. § 404.1567(b). This finding is supported by substantial evidence.
 
 
 9
 Dr. James Gaither, a physician specializing in pulmonary diseases and internal medicine, found that Wilson could not engage in work requiring frequent or repetitive bending, stooping, lifting, or climbing. Dr. Gaither did not restrict Wilson from performing light work. Dr. Danny Bao, a neurologist, reported in 1982 that Wilson had no deficit in his range of motion. Dr. Bowling reported in 1985 that Wilson's back pain was controlled by medication. Wilson currently works part-time as a minister. Wilson is able to drive and perform daily household activities, such as washing dishes. This supports an ability to perform light work.
 
 
 10
 The record contains substantial evidence that Wilson does not suffer from a mental disability. Dr. William Strang, a psychiatrist, reported that Wilson had a mild anxiety reaction which was controlled by medication. Dr. Strang stated that Wilson's prognosis was good. Dr. Kevin Kruse, who examined Wilson in 1987, stated that he did not detect any sign of overt psychiatric problems and that Wilson's anxiety could be controlled by medication. Wilson's daily activities at home and at his church, which include counseling church members, are inconsistent with a mental disability.
 
 
 11
 The record contains statements from Dr. Bowling and Dr. Bao which support Wilson's assertion of mental disability. Our task is limited, however, to a determination of whether the Secretary's findings are supported by substantial evidence. When conflicting medical evidence is presented which is based upon first-hand examinations by competent professionals, the delegate of the Secretary, not this court, has the responsibility of resolving the conflict. Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir.1985).
 
 
 12
 Wilson asserts that the ALJ decisions of October 1988 and April 1991 improperly assessed Wilson's pain by failing to comply with SSR 88-13. SSR 88-13 is an interpretive ruling which provides guidance on the consideration of pain in evaluating disabilities under the Social Security Act. Howell v. Sullivan, 950 F.2d 343, 347 (7th Cir.1991). SSR 88-13 restates the Secretary's policy that pain and other symptoms are considered to the extent that medical signs and laboratory findings show a medical condition which could produce such symptoms. Id. at 348; 20 C.F.R. § 404.1528. The record indicates the ALJ considered all the evidence presented. The ALJ thoroughly evaluated the reports of physicians who examined Wilson. The ALJ accepted the limitations of Wilson's ability to work given by Dr. Gaither. The ALJ, however, did not find Wilson's complaints of pain credible to the extent they were inconsistent with Dr. Gaither's findings. The ALJ relied upon evidence in the record that Wilson's pain was controlled by medication and Wilson's extensive activities as a minister. The ALJ thus fully complied with the requirements of SSR 88-13.
 
 
 13
 Wilson asserts that the ALJ improperly failed to make a credibility determination in violation of our decision in Zblewski v. Schweiker, 732 F.2d 75, 79 (7th Cir.1984). This argument is without merit. The ALJ's decision of April 17, 1991 explicitly adopted the rationale of the ALJ's earlier decision of October 28, 1988, which found that Wilson's complaints of pain were not credible to the extent they were inconsistent with Dr. Gaither's findings.
 
 
 14
 Wilson's final argument is that this case should be remanded to the Secretary for consideration of the reports of Dr. Vandenbark, a psychiatrist whom Wilson consulted after his injury. Remand for consideration of additional evidence is appropriate only upon a showing that: (1) the evidence is new and material to the claimant's condition during the relevant time period; and (2) there is good cause for failure to introduce the evidence during the administrative proceeding. 42 U.S.C. § 405(g); Anderson v. Bowen, 868 F.2d 921, 927 (7th Cir.1989).
 
 
 15
 The procedural history of this case establishes that there is no good cause for Wilson's failure to introduce this evidence.[1] Wilson did not present this evidence at the administrative hearing before the ALJ on March 30, 1988. The Appeals Council, after remanding the case to the ALJ, granted Wilson an extension of time to submit additional evidence. Wilson submitted additional evidence for the second hearing before the ALJ on September 25, 1989, but did not submit any evidence from Dr. Vandenbark. The ALJ's decision was rendered on April 17, 1991, over 18 months later. Wilson made no attempt to supplement the record with Dr. Vandenbark's files during this time period. Wilson also did not offer any evidence from Dr. Vandenbark to the Appeals Council after the second ALJ decision. Wilson has not alleged any impediment to obtaining the evidence. No good cause exists for failing to introduce additional evidence when, as here, the reasons for introducing the evidence are apparent during the administrative proceeding and there is no impediment to obtaining the evidence. Anderson v. Bowen, 868 F.2d 921, 928 (7th Cir.1989).
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Because we find no good cause for failing to introduce this evidence, we need not decide whether the evidence is new and material