Eugene A. KAPUSTA,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services,[1] Defendant–Appellee.

No. 87–3018.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 28, 1989 [2].

Decided Dec. 18, 1989 [3].

Issued as an Opinion April 25, 1990.

---

1.  Dr. Louis W. Sullivan, M.D. has been substituted as appellee for Dr. Otis R. Bowen, M.D. pursuant to Fed.R.App.P. 43(c).

2.  After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case.  The notice provided that any party might file a "Statement as to Need of Oral Argument."  *See* Fed.R. App.P. 34(a); Circuit Rule 34(f).  Appellant has filed such a statement.  Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

3.  This appeal was originally decided by unpublished order on December 18, 1989.  *See* Circuit Rule 53.  The Court, upon request, issues this decision as an opinion.

Eugene A. Kapusta, Milwaukee, Wis., plaintiff-appellant, pro se.

James L. Santelle, Patricia J. Gorence, Asst. U.S. Attys., Office of the U.S. Atty., Milwaukee, Wis., and Michael C. Messer, and Linda E. Tucker, Dept. of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., CUDAHY and RIPPLE, Circuit Judges.

PER CURIAM.

Eugene Kapusta filed an application for Social Security Disability Benefits on January 14, 1985, and an application for Supplemental Security Income on January 22, 1985. He claimed to have been disabled since June 27, 1983 on account of gouty arthritis and a knee injury, and the pain associated with those ailments. His claim for benefits was denied initially and on reconsideration.

Kapusta requested a hearing before an Administrative Law Judge, which was held in Milwaukee, Wisconsin on November 13, 1985. In a decision issued on February 28, 1986, ALJ Clarice M. Schleifer found Kapusta "not disabled" within the meaning of the Social Security Act, and the Appeals Council declined review. The ALJ's decision denying benefits thus became the final decision of the Secretary. Kapusta appealed the Secretary's decision to the district court under 42 U.S.C. § 405(g). With the consent of the parties, the case was referred to a United States Magistrate for final decision. 28 U.S.C. § 636(c). The court granted summary judgment for the Secretary, holding that his decision is supported by substantial evidence, and Kapusta now appeals to this court. We agree with the district court that the Secretary's decision denying benefits is supported by substantial evidence, and we affirm.

At the time of the hearing before the ALJ, Kapusta was forty-seven years of age, with an eleventh-grade education. He had been unemployed from his former work as an automobile mechanic since May 1983. His medical problems began in earnest on June 27, 1983, when pain in the right knee kept him from being able to get out of bed. He has not worked since that time, complaining of knee pain, back pain, chest pain, shortness of breath, loss of grip strength, and poor circulation.[4]

The ALJ went through the five-step analysis prescribed by 20 C.F.R. §§ 404.-1520, 416.920.[5] The ALJ found that Kapusta was not then employed, and that he suffered from a severe impairment. She found that, although his impairments were severe, they did not singly or in combination meet or exceed the severity of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4. The ALJ found that Kapusta was unable to return to his past relevant work as an automobile mechanic. The ALJ did decide, however, that Kapusta was able to perform the full range of sedentary work. Given Kapusta's age, education and prior work experience, the grids, 20 C.F.R. § 404, Subpart P, Appendix 2, Rules 201.18–201.20, dictated a finding that Kapusta was not disabled within the meaning of the Social Security Act. In determining that Kapusta was able to perform the full range of sedentary work, the ALJ specifically stated that she found Kapusta's testimony as to the disabling extent of his pain less than fully credible.

---

4. Kapusta also complains of a torn rotator cuff. He alleges that he incurred that injury in October of 1987, well after the conclusion of proceedings before the Secretary. Because the ALJ cannot have considered the torn rotator cuff, we cannot consider it in reviewing her decision.

5. The standards for disability benefits and Supplemental Security Income are identical, so we treat Kapusta's applications as one.

"Sedentary work involves lifting no more than 10 pounds at a time and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.-1567(a), 416.967(a). At age 47, Kapusta was a "younger individual age 45–49" for purposes of disability determination. 20 C.F.R. §§ 404.1563(b), 416.963(b). His eleventh-grade education is considered "limited". 20 C.F.R. §§ 404.1564(b)(3), 416.-964(b)(3). If Kapusta could do the full range of sedentary work, then the regulations would dictate a finding that he was not disabled. 20 C.F.R. §§ 404.1569, 416.-969; 20 C.F.R. § 404, Subpart P, Appendix 2, Rules 201.18–201.20.

This court must affirm the final decision of the Secretary if that decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). We do not reweigh the evidence, *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir.1989), *citing Meredith v. Bowen*, 833 F.2d 650 (7th Cir.1987), nor do we reconsider credibility determinations made by the ALJ. *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.), *cert. denied*, 479 U.S. 988, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986). Our review, then, is simply to determine whether the ALJ could reasonably find on the basis of evidence contained in the record before her that Kapusta could perform the full range of sedentary work.

■ As we have described above, a claimant can do sedentary work if he can (1) sit up, (2) do occasional lifting of objects weighing up to ten pounds, and (3) occasionally walk or stand. There is substantial evidence in the record to support the ALJ's conclusion that Kapusta could do all of these things. Kapusta testified at the hearing that he took an automobile trip of 362 miles with only a few stops (and that he drove half of the way himself), and this alone is sufficient evidence to allow the ALJ to conclude that Kapusta could sit up long enough to work. Kapusta's own testimony also established that he could lift ten pounds on occasion. Indeed, he said that he could lift twenty pounds if he used both hands. He also testified that he could walk a block or two, and that he could stand for up to twenty minutes at a time. Thus, without even referring to the medical reports, Kapusta's own testimony provides substantial evidence to support the ALJ's conclusion. The ALJ's reasons for her determination that Kapusta's complaints of disabling pain were not fully credible were set out in her opinion as required by *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir.1985) (ALJ must give reasons for rejecting uncontradicted evidence) and *Zalewski v. Heckler*, 760 F.2d 160 (7th Cir.1985). She noted that Kapusta's testimony about being able to put up storm windows in his home (however slowly) cast doubt on the claimed severity of his pain. The ALJ also pointed to Kapusta's reported ability to sleep through the night without difficulty, and his referring to his pain as being "uncomfortable."

■ We also note that none of the medical reports are inconsistent with the ALJ's determination. The reports of the physicians who have examined Kapusta show that he does in fact suffer from various ailments. Their reports are well summarized in the opinion of the ALJ. All physicians agree that Kapusta has the capability to use the full range of motion, and all agree that Kapusta reported pain in some of his movements. Kapusta's treating orthopedist, Dr. Lawrence Ryan, stated that, in his opinion, "the knee pain as well as numbness and weakness in his hands prohibit virtually any occupation." The ALJ specifically addressed this statement by Dr. Ryan, and concluded that Kapusta could perform the full range of sedentary work despite Dr. Ryan's doubts. To the extent that Dr. Ryan's conclusion was based on Kapusta's knee pain, it is irrelevant to the ability to do sedentary work unless the

pain completely prohibited Kapusta from standing or walking, and there is no evidence of such a prohibition. To the extent Dr. Ryan's conclusion was based on weakness of the hands, the ALJ also had in the record the report of Dr. Jeff Butler which showed Kapusta to have a grip strength within normal limits. To the extent that Dr. Ryan's conclusion was based on numbness of the hands, the ALJ also had Dr. Butler's report stating that Kapusta was prevented only from heavy work with his hands. Although the treating physician's views are to be given some deference, *see Garrison v. Heckler*, 765 F.2d 710 (7th Cir.1985), the final decision on whether a claimant is disabled or not is a legal one rather than a medical one, and it is for the ALJ to make that decision. 20 C.F.R. §§ 404.1527, 416.927. The ALJ's reasonable resolution of conflicts in the evidence is not subject to review, as we do not reweigh the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir.1989).

■ Kapusta argues that the ALJ should not have applied the grids in this case, because he suffers from a significant nonexertional impairment, pain. *Walker v. Bowen*, 834 F.2d 635, 640–41 (7th Cir.1987). This argument must fail because the disabling extent of the claimant's pain is a question of fact for the ALJ, and if pain is not found to interfere with the claimant's ability to work, then the grids may be used. *Id.* The ALJ's determination of the extent of Kapusta's pain in this case is, as we have pointed out above, supported by substantial evidence. We must therefore also affirm her use of the grids to determine disability.

■ Last, Kapusta has presented medical evidence which was not in the administrative record. He asks us to remand this case to the ALJ for consideration of the new evidence. "Remand for consideration of additional evidence is appropriate only upon a showing that the evidence is new and material to the claimant's condition during the relevant time period encompassed by the disability application under review, and there is good cause for not introducing the evidence during the admin-

istrative proceedings." *Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir.1989). We have examined Kapusta's proposed new evidence, and we find that it does not meet that standard. There has been no good cause shown for not having presented reports predating the administrative hearing, and the reports postdating the hearing speak only to Kapusta's current condition, not to his condition at the time his application was under consideration by the Social Security Administration. If Kapusta has developed additional impairments since his first application for benefits, he may file a new application. Although the information is not in the record, we have been informed that Kapusta has in fact filed a new application.

The decision of the district court granting summary judgment for the Secretary is AFFIRMED.