931 F.2d 895
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralph J. BABCOCK, Plaintiff-Appellant
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-2103.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 30, 1991.
Decided April 23, 1991.
 
 Before BAUER, Chief Judge, and HARLINGTON WOOD, Jr., and EASTERBROOK, Circuit Judges.
 
 ORDER
 BACKGROUND
 
 1
 Ralph J. Babcock is a sixty-four year-old Wisconsin resident who worked as a long-distance truck driver until September 4, 1977. Babcock received disability benefits due to psychoneurosis (anxiety and depression) between the close of his trucking career and January 1982. This appeal concerns a second application for benefits covering a period of time beginning with the same September 4, 1977 onset date and continuing beyond the January 1982 termination of benefits for psychoneurosis.
 
 
 2
 Babcock contends in this second application he continued to be impaired from 1977 to the date of his administrative hearing in 1986 due to arthritis and a heart condition. No record medical evidence exists that has found Babcock physically disabled in these areas; indeed, the usual medical testing procedures have indicated to the contrary. At issue is Babcock's apparent psychological state, and how it interrelates to his medically unascertainable physical disabilities. The ALJ found that Babcock's mental impairments were not severe; Babcock appealed this adverse determination to the district court, at which time Judge Warren referred the case to a magistrate for his review and recommendation. Although the magistrate recommended remanding the proceeding back to the ALJ for a more detailed analysis, Judge Warren was satisfied that the analysis provided by the ALJ was satisfactory. The district judge thus affirmed the decision of the ALJ. This appeal has followed.
 
 DISCUSSION
 
 3
 This case turns on the ALJ's use and subsequent discussion of the Psychiatric Review Technique Form (the "PRTF"), a form required to be used by fact finders at every level of benefits determination. In short, the questions presented here involve just how much evidentiary analysis and discussion is required of the ALJ at Step 2 of the five-part PRTF test. Characterizing an impairment as "slight" at Step 2 of the PRTF derails further discussion of eligibility; here the ALJ made such a determination, thus precluding a possible finding in Babcock's favor.
 
 
 4
 The magistrate reviewed the ALJ's findings and recommended a remand to the Secretary for further proceedings at the Step 2 level. He believed that enough contrary, uncontroverted evidence of severe impairment existed (evidence apparently solely limited to Babcock's own testimony) to preclude a negative determination at the near-threshold Step 2 stage. This is characterized as evidence of Babcock's "somatic complaints" including chest and knee pain.
 
 
 5
 Babcock's apparent representation of physical pain to medical personnel ".. was out of proportion to the physical evidence or that objective testing could not account (for his) complaints of severe chest pain." (Appellants brief at 23). Appellant contends that the ALJ's failure to mention evidence supporting disability (and then discuss why such evidence should be discounted) should require our reversal. Kapusta v. Sullivan, 900 F.2d 94 (7th Cir.1990); Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir.1985). Since the ALJ did not discuss the effect of Babcock's somatoform disorder, appellant contends that the ALJ never determined the functional impact on Babcock's ability to work. Thus the appellant concludes that since the effect of Babcock's combined (unascertainable) medical and psychological disorders was not addressed at Step 2, there is legal error requiring reversal of the Secretary's decision.
 
 
 6
 Plaintiff's second question for review can be summarized as a substantial evidence question related to the ALJ's rating of "functional restrictions." The magistrate reasoned that even if the ALJ heard sufficient evidence to determine that Babcock's level of impairment could be termed "slight," the opinion did not sufficiently address the evidentiary basis for that finding. The magistrate recommended reversal for further development of Step 2 and filed his recommendation to that effect with Judge Warren, who refused to adopt it.
 
 
 7
 Judge Warren was satisfied that sufficient analysis had taken place at the Step 2 level to determine that Babcock's impairment was "slight," thus precluding benefits. The magistrate had failed to relate, in Judge Warren's opinion, the ALJ's findings of what is termed the "B" criteria. 20 C.F.R. Sec. 1520a (b) & (c) (emphasis supplied).
 
 
 8
 It is clear from a review of the ALJ's findings and Judge Warren's opinion that the ALJ considered the "B" criteria and thus developed the record to a level which withstands our standard of review. Herr v. Sullivan, 912 F.2d 178 (7th Cir.1990). Mr. Babcock has failed to demonstrate that substantial evidence did not exist to warrant his denial of benefits. The decision of the district court is therefore
 
 
 9
 AFFIRMED.