951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donna KSIOSZK, Plaintiff/Appellant,
v.
Louis SULLIVAN, Secretary of Health and Human Services,
Defendant/Appellee.
 No. 90-3405.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 26, 1991.
 
 Before BAUER, Chief Judge, WOOD, JR., Circuit Judge and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Donna Ksioszk applied for disability insurance benefits on November 30, 1984, alleging an onset of disability since April 27, 1984. Ksioszk claimed to have been disabled on account of tendinitis, carpal tunnel syndrome, rib removal residuals, and the pain associated with those ailments. Her claim for benefits was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied Ksioszk's request for review. Ksioszk then sought judicial review in the district court. The parties consented to final disposition of the matter by a United States Magistrate Judge. Magistrate Judge Aaron Goodstein remanded the case to the Secretary for further findings concerning a conflict in the medical evidence, Ksioszk's credibility, and the need for the testimony of a vocational expert ("VE").
 
 
 2
 On remand, Ksioszk was granted a supplemental hearing before an ALJ, at which she, her husband, Dan, her friend, Martha, and a VE testified.[1] After hearing the testimony and considering supplemental physicians' reports,[2] the ALJ recommended denying Ksioszk's application. He found that she could perform a full range of light work, except for work which required repetitive or forceful use of her right arm and hand. The Appeals Council adopted the ALJ's recommendation as the Secretary's final decision. Ksioszk appealed the Secretary's decision to the district court under 42 U.S.C. § 405(g). Upon cross-motions for summary judgment, Magistrate Judge Goodstein ruled for the Secretary, holding that substantial evidence supported the Secretary's decision. Ksioszk filed a timely notice of appeal. We affirm.
 
 Discussion
 
 3
 The Secretary's final decision is affirmed if it is supported by substantial evidence. Moothart v. Bowen, 934 F.2d 114, 115 (7th Cir.1991). Substantial evidence means " 'more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kapusta v. Sullivan, 900 F.2d 94, 96 (7th Cir.1989) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Our review does not include a reweighing of the evidence or a reconsideration of the ALJ's credibility determinations. Kapusta, 900 F.2d at 96. Rather, we review the denial of Ksioszk's application only to determine whether, on the basis of the evidence contained in the record, the Secretary could reasonably find that she could perform a full range of light work. Id.
 
 
 4
 The ALJ utilized the standard five-step sequential analysis to determine whether Ksioszk was disabled as defined in the Social Security Act ("The Act").[3] See 20 C.F.R. §§ 404.1520, 416.920; Marcus v. Sullivan; 926 F.2d 604, 606 (7th Cir.1991) (delineating the five-part test). The ALJ found that Ksioszk had not engaged in substantial gainful activity since April 27, 1984. Also, he found that although her impairment was severe, disability could not be established under the listings. Further, the ALJ found that Ksioszk was unable to return to her past work as a machine operator. However, the ALJ determined that Ksioszk's subjective complaints of pain were not credible and found that she was capable of doing light work.[4] Finally, considering Ksioszk's age, education, and work experience, the ALJ determined that the Medical Vocational Guidelines ("The Grid") directed a finding that she was not disabled. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.21 of Table No. 2.
 
 
 5
 On appeal, Ksioszk argues that the Secretary's findings are not supported by substantial evidence. Specifically, Ksioszk contends that the Secretary gave inadequate consideration to her witnesses' testimony and her own testimony. We disagree. The record reflects that the ALJ thoroughly considered and detailed Ksioszk's testimony as well as the testimony of her witnesses. Here, the ALJ specifically found that Ksioszk's subjective complaints of pain were not credible. We give this determination considerable deference. Prince v. Sullivan, 933 F.2d 598, 601-02 (7th Cir.1991).
 
 
 6
 Ksioszk argues that the ALJ improperly applied a "sit and squirm" test and misinterpreted her worker's compensation claim as evidence that she was capable of working in judging her credibility. Once again, we must disagree. The ALJ may consider the claimant's behavior at the hearing when judging her credibility. Even so, the record indicates that the ALJ relied on Ksioszk's behavior at the hearing and the filing of the worker's compensation claim as well as several medical reports in the record to support his determination that her testimony was incredible. These reports, which indicate that Ksioszk had poor motivational skills and tended to exaggerate her symptoms, support the ALJ's finding that Ksioszk's subjective complaints were not credible.
 
 
 7
 Despite the credibility of Ksioszk's subjective testimony concerning her pain, to obtain disability benefits, the objective medical evidence in this case must show a medical condition reasonably expected to cause her alleged symptoms. Moothart, 934 F.2d at 117. ("[a]bsent the requirement of objective medical findings, disability hearings would turn into swearing matches"). The reports of the physicians who have examined Ksioszk, Dr. Lopez,[5] Dr. Waisman,[6] and Dr. Park,[7] provide a substantial basis for the ALJ's determination that Ksioszk could perform light work.[8]
 
 
 8
 Ksioszk also argues that the Secretary's finding that her psychological impairments did not affect her ability to work was not supported by substantial evidence. The ALJ based its finding on Dr. Weidel's report, the only psychological evaluation contained in the record. Dr. Weidel found that Ksioszk suffered from somatoform pain disorder and mixed personality disorder. Dr. Weidel also found that Ksioszk lacked motivation and was likely exaggerating her symptoms for secondary gain. Dr. Weidel concluded that Ksioszk's mental impairments would not preclude employment. The ALJ fully considered Dr. Weidel's report in making its determination. Dr. Weidel's report provides substantial evidence to support the Secretary's conclusion that Ksioszk's mental impairments would not preclude present employment.
 
 
 9
 Finally, Ksioszk argues that the district court erred in denying her motion under Rule 10(e) of the Federal Rules of Appellate Procedure to supplement the record on appeal. Ksioszk motioned the district court under Rule 10(e) after she filed her notice of appeal in this court. She sought to add various documents and medical reports which she admits were not previously contained in the district court record. As the district court noted, Rule 10(e) does not permit the district court to add documents to the record on appeal which were not made a part of the district court record. United States v. Hillsberg, 812 F.2d 328, 335 (7th Cir.1987). Thus, the district court properly denied Ksioszk's Rule 10(e) motion.
 
 
 10
 To the extent that Ksioszk is arguing that this court should consider the submitted evidence, we note that this evidence was not part of the administrative record; therefore, the new evidence is relevant only for the purpose of remanding the case to the Secretary for consideration of the new evidence. See 42 U.S.C. § 405(g); Kapusta, 900 F.2d at 97. " 'Remand for consideration of new evidence is appropriate only upon a showing that the evidence is new and material to the claimant's condition during the relevant time period encompassed by the disability application under review, and there is good cause for not introducing the evidence during the administrative proceedings.' " Id. (citation omitted). Ksioszk's failure to make this argument in the district court waives appellate review of this claim. United States v. Livingston, 936 F.2d 333, 336 (7th Cir.1991). Even so, Ksioszk demonstrates neither materiality of the new evidence nor good cause for not presenting the documents during the administrative proceeding.
 
 
 11
 There was substantial evidence in the record supporting the Secretary's determination that Ksioszk was not disabled. Accordingly, the decision of the district court granting summary judgment in favor of the Secretary is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The supplemental hearing testimony is summarized in the district court's September 28, 1990 order. (No. 86-C-602)
 
 
 [2]
 These reports were considered in addition to the reports included as part of the original record
 
 
 [3]
 Under the Act a person is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(l)(1)
 
 
 [4]
 At Ksioszk's hearing before the ALJ, the VE testified to a number of jobs that exist for individuals such as Ksioszk, who are limited to performing work that would not involve either repetitive or dominant use of the upper extremity. The VE also identified a number of jobs that could be performed by an individual with no use of the upper extremity
 
 
 [5]
 Dr. Lopez found that Ksioszk suffered from a 5% disability of her whole person
 
 
 [6]
 Dr. Waisman concluded that an examination of Ksioszk failed to reveal any objective findings substantiating her claim that her upper extremities were significantly impaired such that she could not perform moderate work
 
 
 [7]
 Finding Ksioszk's complaints "rather unusual," Dr. Park concluded that no definite clinical evidence of thoracic outlet syndrome or carpal tunnel syndrome existed
 
 
 [8]
 On appeal, Ksioszk also argues that the ALJ did not consider "portions of the record which favored" her claim for benefits. However, Ksioszk does not identify for this court what evidence the ALJ allegedly failed to take into consideration. Apparently, Ksioszk is referring to a report from the Vocational Rehabilitation Department stating that her impairments were "too severe for vocational activity." We agree with the district court that the ALJ's failure to specifically mention this report does not constitute reversible error because a substantial basis for his determination that Ksioszk could perform light work exists in the record. Additionally, Ksioszk may also be referring to the report of her chiropractor, Dr. Jordon, that she suffered from intractable pain and thus was "totally unable to work at a job." The ALJ specifically addressed this report and decided that it was marked by "speculation and double-talk." As stated earlier, this court does not engage in a reweighing of the evidence. Kapusta, 900 F.2d at 96