993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth CARLSON, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health
and Human Services, Defendant-Appellee.
 No. 92-1952.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided April 30, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Carlson appeals from the district court's decision affirming the decision of the Secretary of Health and Human Services to deny Carlson social security disability insurance benefits. Carlson's medical history reveals a myocardial infarction in 1976, a triple bypass operation in 1983, and an angioplasty in 1987. Administrative Record ("A.R.") 183. Carlson worked as a pipefitter construction worker until July 22, 1988. He applied for disability benefits in November 1988, claiming to be disabled due to heart disease and degenerative joint disease (A.R. 41). His application was denied initially and upon reconsideration (A.R. 45-46, 50-52). Carlson sought review of this decision by requesting a hearing before an Administrative Law Judge ("ALJ"). After the hearing on August 9, 1989, at which both Carlson and his wife testified to Carlson's pain and limited activities, the ALJ found that Carlson had the ability to perform light work and thus was not disabled. Consequently, the ALJ denied Carlson disability benefits. The Appeals Council denied Carlson's request for review (A.R. 4-5). Carlson then filed a complaint against the Secretary in district court. The district court granted the Secretary's motion for summary judgment, finding that the ALJ's decision was supported by substantial evidence (R.Doc. 27). Carlson appeals.
 
 
 2
 Because the Appeals Council denied review of the ALJ's decision, the ALJ's decision is the final decision of the Secretary. See 20 C.F.R. § 404.981. Like the district court, we review the final decision of the Secretary (the ALJ's decision) to ensure that it was supported by substantial evidence. Arbogast v. Bowen, 860 F.2d 1400, 1402 (7th Cir.1988); 42 U.S.C. § 405(g). "Substantial evidence refers to that quantum of relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion, taking into account whatever in the record fairly detracts from its weight." Arbogast, 860 F.2d at 1403 (citations and internal quotations omitted). If the evidence is such that it "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary." Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987).
 
 
 3
 Under the Social Security Act, a "disability" is defined as the
 
 
 4
 inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
 
 
 5
 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is "disabled," the ALJ must go through a five-step inquiry. Arbogast, 860 F.2d at 1403 n. 1; 20 C.F.R. § 404.1520(b)-(f). In this case, after noting that Carlson was not working, the ALJ found that Carlson had severe impairments, but that they did not meet or equal those specified in the regulations. The ALJ also acknowledged that Carlson's impairments prevented him from returning to his past job as a pipefitter. Ultimately, the ALJ concluded that despite his impairments, Carlson was able to perform "light work," which qualifies as "substantial gainful activity." Thus, the ALJ found that Carlson was not disabled. The parties dispute only the last step in the inquiry: Carlson's "residual function capability," which is what he can do despite his limitations. 20 C.F.R. § 404.1545(a).
 
 
 6
 The regulations state that "light work"
 
 
 7
 involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
 
 
 8
 20 C.F.R. § 404.1567(b). The ALJ concluded that Carlson can perform "light work" based on (1) Carlson's exercise tolerance as demonstrated by a treadmill test in which he exercised for 11 minutes 15 seconds before having to stop, (2) the minimal orthopedic abnormalities found by an orthopedic specialist, Dr. Brown, and (3) Dr. Brown's assessment of Carlson's abilities (A.R. 15). Dr. Brown rendered a written assessment on November 27, 1989, in which he stated that Carlson "[m]ay lift up to 20 pounds continuously, up to 25 pounds frequently, and up to 50 pounds occasionally" (A.R. 238). He further opined that Carlson may sit, walk, or stand throughout an eight-hour workday. Also, Dr. Brown stated that Carlson had no restrictions on handling objects or on pushing or pulling. Finally, Dr. Brown noted that Carlson may bend occasionally (A.R. 238-39).
 
 
 9
 The ALJ considered a contrary assessment by Dr. Branit, an internist and Carlson's treating physician. The ALJ rejected Dr. Branit's assessment because Dr. Branit based his conclusion that Carlson cannot perform any work on his impression of the severity of the musculoskeletal ailment and Carlson's complaints. The ALJ found that Dr. Branit's conclusion that Carlson had "poor physical tolerance" was at odds with the results of the treadmill test. As for the assessment of another physician, Dr. Bianchin, the ALJ noted that he provided no definite assessment of Carlson's abilities (A.R. 15).
 
 
 10
 We conclude that the ALJ's decision is supported by substantial evidence. The treadmill test and Dr. Brown's findings and assessment amply support the conclusion that Carlson can perform light work. Carlson challenges the ALJ's rejection of evidence in his favor.
 
 
 11
 Carlson takes issue with the ALJ's rejection of Dr. Branit's assessment that Carlson cannot perform any work. Carlson claims that in doing so, the ALJ made an inappropriate "medical judgment." However, "a physician's opinion regarding a claimant's disability [is not] binding on the Secretary. The weight given a physician's statement depends upon the extent to which it is 'supported by medically acceptable clinical and laboratory diagnostic techniques.' " Whitney v. Schweiker, 695 F.2d 784, 788 (7th Cir.1982) (quoting 20 C.F.R. § 404.1526). In this case, Dr. Branit's assessment contradicted certain medical evidence, e.g., the treadmill test (A.R. 181), Dr. Branit's own findings that Carlson "has been objectively doing quite well with regard to blood pressure, pulse rate, etc." (A.R. 225), and Dr. Brown's x-rays showing minimal orthopedic abnormalities (A.R. 236). Therefore, the ALJ was justified in not relying on Dr. Branit's assessment.
 
 
 12
 The ALJ did not believe that Dr. Bianchin's assessment required a finding of medical disability because Dr. Bianchin merely recommended that Carlson "lead a more sedentary type of life" (A.R. 224). Carlson claims that the ALJ took that statement out of context. However, considering Dr. Bianchin's entire letter, Dr. Bianchin's meaning is not clearly in Carlson's favor. He states that it is his impression that Carlson is "completely medically disabled," but he then seems to suggest that this refers to Carlson's ability to continue his work as a pipefitter. He proceeds to state that Carlson should be "considered" for a complete medical disability. Although Dr. Bianchin's assessment is susceptible to an interpretation more favorable to Carlson than the ALJ decided to give it, the ALJ's resolution of the ambiguity was reasonable and hence "not subject to our review, as we do not reweigh the evidence." Kapusta v. Sullivan, 900 F.2d 94, 97 (7th Cir.1989).
 
 
 13
 In his decision, the ALJ explained why he found Carlson's testimony not fully credible. Carlson objects to the ALJ's characterization of certain aspects of his testimony. The ALJ stated that Carlson "appeared to downplay his activities at the hearing, claiming he did little except water his flowers and watch television" (A.R. 14). Carlson claims that he testified to a number of other activities. However, these activities merely consisted of such things as eating breakfast and watching TV, so we cannot agree with Carlson that the ALJ's characterization is "utterly inaccurate." Next, Carlson challenges the ALJ's statement that Carlson "insisted that his knees swelled frequently" (A.R. 14). It is true that Carlson's testimony does not support such a statement, but the ALJ's conclusion that Carlson was less than fully credible is still supported by the record. For example, although at the hearing he testified that if he moves around too much his back pain gets "very sharp" (A.R. 29), he had previously told Dr. Brown that his lower back pain was "unaffected by walking" (A.R. 235). The ALJ's credibility determination was not patently wrong. Stuckey v. Sullivan, 881 F.2d 506, 509 (7th Cir.1989).
 
 
 14
 Finally, Carlson objects to the ALJ's failure to discuss his wife's testimony, which essentially corroborated Carlson's account of his pain and daily activities (A.R. 37-40). We have repeatedly stated that the ALJ need not evaluate in writing every piece of testimony and evidence submitted. Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir.1985); Zalewski v. Heckler, 760 F.2d 160, 166 (7th Cir.1985). What we require is that the ALJ sufficiently articulate his assessment of the evidence to "assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning." Stephens, 766 F.2d at 287. If the ALJ were to ignore an entire line of evidence, that would fall below the minimal level of articulation required. Zblewski v. Schweiker, 732 F.2d 75, 78-79 (7th Cir.1984). But this is not such a case. On the contrary, the ALJ explicitly addressed Carlson's testimony concerning his pain and daily activities. Mrs. Carlson's testimony was essentially redundant. The ALJ did not err by failing to discuss her testimony explicitly.
 
 
 15
 For the foregoing reasons, the judgment of the district court affirming the decision of the ALJ is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)