79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wayne L. BURDEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 95-1841.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 14, 1996.*
Decided March 15, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Wayne L. Burden, pro se, requested Social Security benefits. An Administrative Law Judge (ALJ) denied the request, and the Appeals Counsel declined to review the ALJ's decision. Burden then challenged the denial in the district court. He now appeals the district court's decision affirming the denial of benefits. We affirm.
 
 
 2
 Burden entered the Army in 1951, and suffered frostbitten hands while serving in Germany. His right knee was operated on in 1963, and the left knee began bothering him shortly thereafter. The left knee was further injured in 1968, during a mortar attack in Vietnam. He subsequently experienced problems with his knee locking so he couldn't bend it. In 1969, an army physician diagnosed him with osteoarthritis in both knees. Burden left the Army in 1970, then served in the National Guard until 1974.
 
 
 3
 Burden was working as a letter carrier for the Postal Service on August 13, 1976, when two automobiles struck the mail truck he was driving. Burden, who was forty-two at the time, has not worked since. His insured status under the Social Security Act expired September 30, 1977. The Postal Service formally discharged him on February 2, 1978. The discharge letter stated that Burden had developed a back problem which did not permit stooping, bending, or lifting more than fifteen pounds. The letter indicated that Burden was not entitled to disability because he could perform light duty positions within the Postal Service, although no such jobs were available.
 
 
 4
 Burden did not apply for disability benefits until December 29, 1992. His application, while indicating that the accident forced him to stop working, stated that his disabling condition was "hypertension, poor circulation in left leg, rheumatoid arthritis in both hands, degenerative arthritis spine, hips, knees, all of skeleton, eye problem, Agent Orange skin," and that he began to suffer from these problems as early as 1970. Burden represented himself at a hearing before an ALJ. The ALJ found that when Burden's insured status expired in 1977, Burden was severely impaired but not disabled within the meaning of the Social Security Act, because he retained the residual functional capacity to perform a number of sedentary jobs which existed in the national economy.
 
 
 5
 Burden challenges several aspects of the ALJ's opinion. He first claims that the ALJ was not sufficiently diligent in developing the medical evidence.[2] We disagree. "While the ALJ has a heightened duty to make sure that the record is developed when a claimant is unrepresented, how much evidence to gather is a subject on which we generally defer to the [Commissioner]'s reasoned judgment." Luna v. Shalala, 22 F.3d 687, 692 (7th Cir.1994). In the case at bar, it would have done the ALJ little good to request more current medical opinions. Burden's present condition is not at issue; his condition before his insured status expired in 1977 is key. Burden submitted almost three hundred pages of documents to the ALJ, including medical reports from before he left the Army, from shortly after the accident in 1976, and documenting his treatment throughout the 1980s. In addition, at the (admittedly brief) hearing, the ALJ questioned Burden about his pain, medication, daily activities, and physical abilities. The ALJ might have tried to obtain the records of a private orthopedist whom Burden saw immediately after his accident, which the record does not include. This is not, however, so significant an omission that it requires us to find that the ALJ failed to assist in developing a full and fair record. Luna, 22 F.3d at 691; compare Thompson v. Sullivan, 933 F.2d 581, 586-88 (7th Cir.1991).
 
 
 6
 Burden also maintains that the evidence supporting the ALJ's decision is not substantial. Although considerable evidence supports Burden's contention that he suffers from continuing problems which can be traced back to his auto accident, substantial evidence also supports the ALJ's finding. Where, as here, the Appeals Counsel found no basis for further review, the ALJ's findings stand as those of the Commissioner. Howell v. Sullivan, 950 F.2d 343, 347 (7th Cir.1991). Unless the Commissioner has committed an error of law, her determination that Burden was not disabled for purposes of receiving Social Security benefits is conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Howell, 950 F.2d at 347. Substantial evidence is more than a scintilla of evidence but less than a preponderance: it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Diaz v. Chater, 55 F.3d 300, 305 (7th Cir.1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Affirmance is mandatory even if substantial evidence also supports the opposite conclusion. Mullen v. Brown, 800 F.2d 535, 545 (6th Cir.1986) (en banc); see also Diaz, 55 F.3d at 305-06. Consequently, the ALJ's finding that Burden was not disabled must stand.
 
 
 7
 There is evidence in the record that Burden's physical impairments did not render him physically disabled within the meaning of the Social Security Act at the time his insured status expired. The ALJ correctly followed the analysis which the Social Security regulations prescribe in ascertaining that (1) Burden was not presently working; (2) Burden was severely impaired; (3) the impairment was not equivalent to an impairment listed in the Social Security regulations; and (4) Burden could not perform his past work. 20 C.F.R. § 404.1520(b)-(e). The ALJ determined that Burden could perform sedentary work. He then applied the Medical-Vocational Guidelines ("grids"), which directed the conclusion that Burden was not disabled because there were a significant number of jobs he could perform. 20 C.F.R. § 404, Subpart P, Appendix 2, Rule 201.28 (claimant with high school education and history of unskilled labor who can perform sedentary work not disabled).[3]
 
 
 8
 Burden's principal argument is that the ALJ wrongly determined that Burden had the residual functional capacity to perform sedentary work. "A claimant can do sedentary work if he can (1) sit up, (2) do occasional lifting of objects weighing up to ten pounds, and (3) occasionally walk or stand." Edwards v. Sullivan, 985 F.2d 334, 339 (7th Cir.1993); Kapusta v. Sullivan, 900 F.2d 94, 96 (7th Cir.1989); 20 C.F.R. § 404.1567(a). In assessing Burden's condition, the ALJ noted that although Burden claimed that his 1976 accident left him wholly disabled, physicians at the time treated him only with heat-packs and painkillers. X-rays taken both in 1976 and as recently as 1993 showed that he retained the full range of motion in his spine, while prior indications of degenerative spinal arthritis had progressed to only a moderate level in seventeen years. Despite Burden's assertion that the ALJ failed to give sufficient weight to the opinion of his treating physicians, the ALJ in fact commented that the physician treating Burden at the time the Postal Service discharged him only limited Burden to no bending, prolonged standing, or lifting more than fifteen pounds. See Meredith v. Bowen, 833 F.2d 650, 655 (7th Cir.1987) (less weight given to opinions of doctors who treated claimant long after the alleged date of onset); Kapusta, 900 F.2d at 96. These limitations are consistent with the statutory requirements for sedentary work. 20 C.F.R. 404.1567(a).
 
 
 9
 The ALJ also found Burden's subjective complaints regarding pain and physical impairments not wholly credible. Because we do not reweigh the evidence in reviewing credibility findings, we will not normally substitute our impressions on the veracity of a witness for those of the ALJ, particularly where there are discrepancies between the claimant's testimony and what the written record shows. Kapusta, 900 F.2d at 97. Burden testified that following his accident, he spent most days at home, sitting with his legs elevated and looking after three young children, including a newborn. He conceded that he could take care of his personal needs. While Burden testified that he neither drove, cooked, nor went to church, the written record indicated he drove to the doctor's office, cooked two meals a day, and went to church twice a month. For the above reasons, the evidence is sufficient to support the ALJ's determination that Burden could perform sedentary work, and therefore was not disabled within the meaning of the Social Security Act.
 
 
 10
 Burden next insists that the ALJ failed to take the impairment of his hands into consideration, and therefore could not properly rely on the grids to determine that there were jobs he could perform. Use of the grid may be inappropriate if a claimant's nonexertional impairments, such as pulling and grasping, are so severe as to limit the range of work he can perform. Allen v. Sullivan, 977 F.2d 385, 388 (7th Cir.1992); 20 C.F.R. § 404.1566(d). The grids, however, may be used if there is sufficient evidence to "persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available." Warmoth v. Bowen, 798 F.2d 1109, 1112 (7th Cir.1986). This includes a finding that the claimant will experience some discomfort in performing the job. Nelson v. Sec'y of Health & Human Servs., 770 F.2d 682, 685 (7th Cir.1985).
 
 
 11
 The medical record, as the ALJ noted, indicates that by 1974, Burden had complained of stiffness in his hands. The physician, however, merely recorded the complaint; no clinical findings support it. An ALJ may reject a treating physician's opinion that is not supported by clinical findings. Dray v. Railroad Retirement Bd., 10 F.3d 1306, 1312 (7th Cir.1993). At the hearing, Burden testified that his hands bothered him only when it was cold. The medical record indicates that by 1989, Burden was complaining that his hands were getting worse. Despite this, as recently as 1992 a physician found no evidence of severe symptoms in Burden's hands. Furthermore, when Burden attempted to work as a change attendant at a video arcade, it was the need for surgery, not his hands, which forced him to give the job up. More recently, Burden attended classes and got a certificate at Indiana Business College, and has tried to get free-lance work as a tax consultant. The latter activities require writing and note-taking, which suggest a fair amount of manual dexterity. Because Burden concedes that his hands have gotten worse with time, the record strongly suggests that Burden's hands were not significantly impaired at the time his insured status expired in 1977. Accordingly, the ALJ appropriately looked to the grid to determine whether Burden qualified for disability.
 
 
 12
 Burden's protest that the ALJ failed to explain his decision adequately lacks merit. While the ALJ must weigh the evidence and provide a rationale for his decision, we do not require a complete exegesis on every piece of evidence which a claimant submits. Allen v. Sullivan, 977 F.2d 385, 389 (7th Cir.1992).
 
 
 13
 Burden also complains that the district court improperly referred his case to a magistrate judge for a report and recommendation. He is wrong. It is true that Burden did not accede to having a magistrate judge hear the case. Nonetheless, the district court's order makes clear that once Burden refused consent, the court referred the case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), which does not require consent. A challenge to the denial of Social Security benefits does not fall within the class of cases to which the statute does not apply. 28 U.S.C. § 636(b)(1)(A).
 
 
 14
 Finally, Burden includes with his appeal supplementary evidence to support his claim. We construe the submission as a request to remand the case to the Commissioner for consideration of additional evidence. A court can make such a remand only if the claimant shows that (1) the evidence is (a) new and (b) material, and (2) good cause exists for failure to incorporate the evidence into the record during the administrative proceedings. 42 U.S.C. § 405(g); Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Because the evidence was or could have been obtained before the administrative hearing, and because Burden makes no attempt to show why he did not submit such evidence to the ALJ, we decline to remand the case.
 
 
 15
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pursuant to Federal Rule of Appellate Procedure 42(c) and Pub.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security is substituted as the named respondent-appellee for Donna E. Shalala, Secretary of Health and Human Services
 
 
 [2]
 The government's reply brief addresses this issue on the merits without noting that Burden raises it for the first time on appeal. The government therefore "bailed him out by waiving waiver." United States v. Hollingsworth, 27 F.3d 1196, 1203 (7th Cir.1994) (en banc )
 
 
 [3]
 Contrary to Burden's contention, the ALJ need only find that defendant is capable of performing work available in the national or regional economy, not that he will actually be hired