139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey E. HIBBARD Plaintiff-Appellant
John J. CALLAHAN,[1] Acting Commissioner of
the Social Security Administration Defendant-Appellee.
 No. 96-3125.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998*.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 94-C-1228 Aaron E. Goodstein, Magistrate Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey E. Hibbard filed a civil action, pursuant to 42 U.S.C. § 405(g), for judicial review of an Administrative Law Judge's (ALJ) determination that he was not disabled and accordingly not entitled to Supplemental Security Income (SSI). Hibbard presented new evidence and moved for summary judgment. The district court[2] denied Hibbard's motion for summary judgment, determined that Hibbard was not entitled to a remand based on the additional evidence he submitted, affirmed the ALJ's decision, and dismissed Hibbard's complaint. Hibbard appeals the district court's decision and argues that he was denied due process and equal protection under the Fifth and Fourteenth Amendments. We affirm.
 
 
 2
 On July 15, 1992, Hibbard applied for SSI, claiming that he suffered from the dual-disabilities of chronic alcoholism and mental impairments. His alleged mental illness included claims of post-traumatic stress disorder and depression. Hibbard alleged that his disability began on May 15, 1990. His application was denied initially and on reconsideration. He then requested a hearing before an ALJ. Hibbard was incarcerated at the time set for the ALJ hearing, but later requested that the ALJ enter a decision on the record.[3] On May 9, 1994, the ALJ concluded that although Hibbard had a long standing history of alcoholism and associated depression, he did not have a disability as defined by the Social Security Act because he retained "the capacity to perform his past relevant work ." Specifically, the ALJ stated that Hibbard "retains the capacity to control his drinking when necessary or when he so chooses and that the claimant's history of drinking intoxicating beverages has not deprived him of the ability to perform simple, unskilled, low stress work activity at any exertional level."
 
 
 3
 Hibbard sought judicial review of the ALJ's decision. While review was pending before the district court, Hibbard filed a new application for SSI on November 30, 1994. On February 8, 1995, he was found to be disabled and awarded SSI benefits. However, Hibbard continued to seek review of the ALJ's decision because he wanted to obtain SSI benefits for the period that he was not incarcerated between July 15, 1992, when he filed his earlier application,[4] and November 30, 1994.
 
 
 4
 Hibbard's complaint stated that the ALJ incorrectly determined that he was not disabled and failed to recognize the evidence that supported a finding that he had a mental disability in addition to his alcoholism. The district court instructed in its final briefing schedule that, in light of new procedures, the plaintiff's brief must set forth "the specific errors allegedly committed at the administrative level which entitled plaintiff to relief." (R. 14.) The court also stated that it "will consider only those errors specifically identified in the briefs ...." (Id.) Although Hibbard's complaint challenged the ALJ's determination, the only issue he presented to the district court in his brief and at oral argument, at which time he was represented by counsel, was the propriety of a remand due to new evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g). Therefore, Hibbard has waived any arguments other than the issue of remanding due to new evidence. Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 537 n. 4 (7th Cir.1992).
 
 
 5
 We conduct a de novo review of the district court's determination that the additional evidence did not meet the requirements of sentence six of 42 U.S.C. § 405(g). Sample v. Shalala, 999 F.2d 1138, 1144 (7th Cir.1993). This sentence states that the district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see Sample, 999 F.2d at 1144.
 
 
 6
 Hibbard presented to the district court new evidence that consisted of medical reports stating that he suffered from a severe anxiety disorder. He argued that this evidence merited a remand to the Commissioner of Social Security under § 405(g). The district court found that the new evidence was not material because all of the reports post-dated the ALJ's decision and did not state that Hibbard suffered from a severe anxiety disorder during the period that was at issue before the ALJ.
 
 
 7
 On appeal, the parties do not dispute that the additional evidence was new and that there was good cause for failing to submit it as part of the original record. Therefore the only requirement at issue is whether the evidence was material. "For sentence six purposes ... 'materiality' means that there is a 'reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir.1997).
 
 
 8
 All of the medical reports that Hibbard submitted as new evidence post-date the ALJ's decision. One of these reports stated that, "[i]t has become increasingly clear that Mr. Hibbard has a severe anxiety disorder." An anxiety disorder is a mental impairment that is considered a disability. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (12.06). However, none of these reports state that Hibbard suffered from a severe anxiety disorder during the period of time that the ALJ was considering.
 
 
 9
 A remand is not appropriate when the new evidence consists of reports that postdate the ALJ hearing and speak only to the individual's current condition without relating back to the period that was at issue before the ALJ. Kapusta v. Sullivan, 900 F.2d 94, 97 (7th Cir.1990). Therefore, a remand under 42 U.S.C. § 405(g) is not appropriate because the new evidence was not material as it post-dated the ALJ's decision and did not relate back to the relevant time period. Accordingly, we need not address the Commissioner's alternative argument that under recent amendments Hibbard's claim is not finally adjudicated and that he would not be entitled to SSI if his alcoholism is a "contributing factor material" to his alleged mental impairment. 42 U.S.C. § 423(d)(2)(C).
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 During the pendency of this appeal. John J. Callahan replaced Shirley S. Chater as Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Appellate Procedure 43(c), this court on its own motion substitutes John J. Callahan as the Defendant-Appellee in this action
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 Pursuant to 28 U.S.C. § 636(c) both parties consented to a decision by a magistrate judge
 
 
 [3]
 Hibbard was incarcerated between September 24, 1993 and September 15, 1994, on a felony charge for operating a vehicle without the owner's consent. Therefore, even if he had a disability, he would not have been entitled to SSI while he was incarcerated. 20 C.F.R. § 416.211(a)(1)
 
 
 [4]
 "If you file an application after the month you first meet all the other requirements for eligibility, you cannot be paid for any months before the month you filed an application." 20 C.F.R. § 416.335