**Gregory C. MALLETT, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–1711.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 4, 2003.\*

Decided Nov. 6, 2003.

---

\* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Gregory C. Mallett, pro se, Milwaukee, WI, for Plaintiff–Appellant.

Ayrie Moore, Social Security Administration, Office of the General Counsel, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

## ORDER

Gregory Mallett filed his fourth application, *pro se*, for supplemental security income and disability insurance benefits with the Social Security Administration in October 1996, claiming that the pain in his back and right arm prevented him from working. After a hearing in which Mallett and a vocational expert testified, an administrative law judge determined that Mallett was not disabled and denied his claim for benefits. The Appeals Council declined to review the decision, and Mallett subsequently sought judicial review in federal court. The district judge, adopting a magistrate judge's recommendation, affirmed the ALJ's decision. Mallett appeals, citing multiple grounds for error in the ALJ's treatment of his claim.

Mallett first complained of back pain in 1981 while working as a stock loader for a trucking company. Mallett claims that this pain was so intense that it prevented him from working a regular job, and he filed three unsuccessful applications for disability benefits with the Social Security Administration between 1981 and 1996. In 1996 Mallett filed the present claim, stating in his application forms that he became unable to work on June 3 because of the pain in his back and right arm. The Social Security Administration denied Mallett's claim initially and on reconsideration, determining that the medical evidence was insufficient to establish a disability. Mallett then requested a hearing on the matter before an ALJ.

At the hearing Mallett, having signed a Social Security form waiving his right to counsel, appeared *pro se*. Mallett testified that he had a herniated disk in his cervical level which caused shooting pain that radiated into his arm and prevented him from doing repetitive work or lifting over ten pounds. The ALJ subsequently asked a vocational expert several questions that incorporated Mallett's physical limitations; the vocational expert stated that there were a vast number of jobs available in the national economy for a person with such limitations, including insurance underwriter, bookkeeper, auditor, timekeeper, and various management positions. The vocational expert based her opinion largely on Mallett's ability to perform skilled work, as he has a bachelor's degree in economics and a master's degree in management.

Applying the five-step analysis set forth in 20 C.F.R. § 404.1520, the ALJ found that Mallett was not working and had not performed substantial gainful activity since the onset date of his disability; that Mallett's impairment was severe, but not equivalent to an impairment listed by the Social Security Administration in its regulations; and that Mallett could not perform his past work as a stock loader, bench inspector, and telemarketer. However, based on the vocational expert's testimony, the ALJ found Mallett capable of performing work in the national economy. After the Appeals Council declined review, Mallett filed this action in district court. The district judge, adopting a magistrate judge's recommendation, granted summary judgment in favor of the Commissioner.

Because the Appeals Council denied Mallett's request for review, the ALJ's decision became the final decision of the Commissioner, and only evidence that was before the ALJ will be considered on appeal. *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir.1994). We will affirm the ALJ's

decision if it is supported by substantial evidence, *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir.2002), or such relevant evidence that reasonable minds might accept as adequate to support a conclusion, *Schoenfeld v. Apfel,* 237 F.3d 788, 792 (7th Cir.2001).

## I. Whether the ALJ fully and adequately developed the record

Mallett claims that the ALJ did not fully and fairly develop the administrative record in his case, and he identifies three significant omissions: (1) the ALJ failed to obtain certain reports from several of his treating physicians and hospitals; (2) the ALJ failed to develop adequate medical records for the twelve months preceding his first claim for benefits in 1982 after the ALJ allegedly reopened his prior disability claims; (3) the ALJ failed to inquire further about certain physical restrictions described by one of his many doctors. It is difficult to evaluate these claims, because Mallett never describes the content of the missing records or the nature of the missing physical restrictions. Nevertheless, we will examine the administrative record to determine whether the ALJ developed it fully and fairly. *Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994). Where a claimant like Mallett proceeds without counsel, an ALJ has a duty to "probe[ ] the claimant for possible disabilities and uncover[ ] all the relevant evidence." *Id.* As the ALJ did not obtain a valid waiver of Mallett's right to counsel at his hearing, the burden to establish the fairness of the record falls on the Commissioner. *Id.*

■ The Commissioner has satisfied its burden of proving that the medical evidence in the record was adequate to allow the ALJ to fairly determine Mallett's disability claim. Included in the record are MRI results and examination notes from numerous doctors who examined Mallett for his back and right arm pain during the period from 1981 to the date of the hearing. These records chronicle Mallett's ongoing treatment for his complaints of pain. The records reflect that the doctors early on diagnosed a thoracolumbar sprain in Mallett's back and that later, upon learning that Mallett has "small" disc herniation and bulging at C5–6 and C5–7 in the spine that causes pain to radiate into his right arm, agreed that the injury was "modest" or "mild." Accordingly, they called for only "conservative" treatment, such as physical therapy. Mallett's doctors were generally encouraged by his progress, noting that he had a full range of motion in his spine and shoulder as well as good grasp strength in his arm. The doctors who commented on Mallett's physical limitations generally agreed that he should avoid repetitive work and regularly lift no more than fifteen pounds.

Mallett's hearing before the ALJ was also full and fair, as the ALJ questioned Mallett to determine his physical limitations, his allegations of pain, his past employment, his reasons for leaving his past employment, and his educational background. *See Luna,* 22 F.3d at 693 (holding that the record is full and fair when the ALJ probes into all of the relevant areas of the claimant's disability claim). After Mallett testified, the ALJ called a vocational expert to provide evidence on the local job market and Mallett's ability to perform work in the national economy, and the ALJ gave Mallett the opportunity to cross-examine the expert.

We normally do not find that an ALJ has failed to assist *pro se* claimants fully and fairly in the absence of a significant omission, *Luna,* 22 F.3d at 692, and an omission is significant only if it prejudiced a disability claimant. *Binion,* 13 F.3d at 245. However, Mallett fails to show us how he has been prejudiced, because he does not explain how the missing evidence would have added to the ALJ's under-

standing of his condition. *Nelson v. Apfel,* 131 F.3d 1228, 1235–36 (7th Cir.1997).

## II. Whether the ALJ's disability determination was supported by substantial evidence

Mallett next raises three general challenges to the merits of the ALJ's disability determination. Mallett first argues that the ALJ erred in not recognizing that his back condition is the equivalent of former listing 1.05B [1] for osteoporosis. That listing required proof of a "compression fracture of a vertebral body with at least 50 percent of the estimated height of the vertebral body" or "multiple fractures of vertebrae." 20 C.F.R. pt. 404, subpt. P, app.1 (1998). To prove equivalence with this listing, Mallett must present medical evidence that his condition is equal in severity to all of the criteria in the listing. *Sullivan v. Zebley,* 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); *Sims,* 309 F.3d at 428. The records before the ALJ do not mention any fracture suffered by Mallett; they categorize his injury as a small disc herniation or bulge. In fact, a 1996 neurological consultation of Mallett showed no objective clinical evidence of any compression in his spinal cord.

Mallett argues that the report of Dr. Maiman, submitted to the Appeals Council after the ALJ found him not disabled, shows equivalence with former listing 1.05B, as well as with former listing 1.05C, vertebrogenic disorders of the spine. Even if Dr. Maiman's report, finding "moderate paravertebral spasm" in Mallett's back, could establish equivalence with a listed impairment, the report was not part of the record before the ALJ when he made his disability determination. When the Appeals Council denies review,

the ALJ's decision becomes the final decision of the Commissioner, and any evidence submitted to the Council after the ALJ issued his decision is not part of the record for judicial review. 20 C.F.R. § 404.981, 422.210(a); *Perkins v. Chater,* 107 F.3d 1290 (7th Cir.1997). Further, Dr. Maiman's report is based on an evaluation of Mallett's condition almost a year after the ALJ's decision, and therefore cannot serve as grounds for remand for the ALJ to consider new evidence. *Johnson v. Apfel,* 191 F.3d 770, 776 (7th Cir.1999); *Kapusta v. Sullivan,* 900 F.2d 94, 97 (7th Cir.1989) (per curiam).

Mallett, finally, raises two frivolous arguments that we can dispose of swiftly. First, he claims that his prior work experience does not conclusively establish his ability to work. But the ALJ never suggested as much; the ALJ in fact agreed with Mallett that he had not "engaged in substantial gainful work activity at any time at issue in his case."

Mallett also argues that the ALJ improperly discredited his subjective complaints of pain. Although portions of the ALJ's opinion cast doubt on the credibility of Mallett's allegations of pain, this doubt did not factor into the ALJ's final analysis of Mallett's claim. In both the hypothetical he posed to the vocational expert and in his final decision applying the five-step disability analysis, the ALJ assumed that Mallett's testimony regarding the limiting effect of his pain on his ability to work was entirely truthful.

AFFIRMED.

---

1. Listing 1.05B is part of a former list of impairments that was replaced by the impairments listed in 66 Fed.Reg. 58,010–01 (2001). However, because Mallett filed his application for benefits before February 19, 2002, the former list of impairments governs our review of Mallett's claim. *Id.*