**Terry JOHNSON, Plaintiff–Appellant,**

**v.**

**Kenneth S. APFEL, Commissioner of Social Security Administration, Defendant–Appellee.**

**No. 98–3684.**

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1999.

Decided Sept. 13, 1999.[1]

**1.** Because our decision conflicts with the Sixth Circuit's opinion in *Difford v. Secretary of Health and Human Services*, 910 F.2d 1316 (6th Cir.1990), it has been circulated through all members of the Court in active service. No judge has voted to hear this case *en banc*.

Joseph W. Shull (argued), Fort Wayne, IN, for Plaintiff–Appellant.

Pamela Rolfs (argued), Social Security Administration, Chicago, IL, for Defendant–Appellee.

Before COFFEY, FLAUM and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

On June 1, 1989, while suffering from leukemia, the 48–year–old unemployed plaintiff-appellant, Terry Johnson ("Johnson"), applied for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. On June 30, 1989, the Social Security Administration ("SSA") found that Johnson was disabled with acute leukemia and ordered that he receive benefits retroactively, as of January 12, 1989. Pursuant to agency policy, on December 16, 1993, the SSA conducted a review of Johnson's disability in order to ascertain whether to continue Johnson's benefits and found that Johnson's condition had improved and ordered that his eligibility for benefits be terminated as of December 1, 1993. Upon receiving notification of the cancellation of his benefit payments, Johnson requested a reconsideration of the SSA decision. On September 12, 1994, a hearing was scheduled before a disability hearing officer. The hearing officer confirmed that Johnson was no longer disabled. On May 29, 1996, Johnson appealed the hearing officer's decision to an administrative law judge ("ALJ"), who likewise approved the SSA's determination that Johnson's disability had ended. Johnson submitted evidence to the SSA Appeals Council demonstrating that in 1996, he had been diagnosed with a new medical problem (vena cava thrombosis). After considering this evidence, the Appeals Council denied Johnson's request for review, and the ALJ's decision became the SSA Commissioner's final determination. Johnson then sought review of the denial of benefits in the United States District Court for the Northern District of Indiana. On August 27, 1998, the district court upheld the Commissioner's decision, and Johnson appeals. We affirm.

## I. BACKGROUND

On June 1, 1989, Johnson, suffering from leukemia, applied for disability insur-

ance benefits under the Social Security Act. The SSA found that Johnson was entitled to disability benefits as a result of being unable to work and further concluded that he had been suffering from acute leukemia since January 12, 1989. Four years later in December of 1993, the SSA, pursuant to agency policy, conducted a review of Johnson's medical records to determine whether his disability continued. Johnson's treatment history revealed that in September of 1993, he was no longer obtaining treatment for or taking medication for leukemia. Johnson's treating physician reported that the plaintiff had done "phenomenally well" in recovering from the illness and had been released to return to work on December 2, 1993. During the review, Johnson himself amplified the doctor's finding, stating that he no longer had difficulty walking, driving, helping with household chores, or lifting up to twenty pounds. Relying on this evidence, the SSA concluded that Johnson's claimed disability had ended as of December 1, 1993, and thus his entitlement to disability benefits had terminated.

Johnson requested that the SSA reconsider its decision on September 12, 1994, and a hearing was held before a disability hearing officer, who found that Johnson's disability had ceased. Johnson then requested a hearing before an ALJ, which took place on May 29, 1996. At the hearing, Johnson testified that he could not work because of leg aches, sleep difficulties, low stamina, muscle spasms in his shoulder, and exposed veins on his stomach and chest that were caused by his prior treatment for leukemia. When asked by the ALJ how the exposed veins affected his ability to function, Johnson testified that when he bent over from the waist, he became dizzy and short of breath. The ALJ examined the circumstances leading to the denial of benefits in 1993, including Johnson's voluntary termination of treatment, his return to work, and his

ability to carry on day-to-day activities. In reviewing Johnson's medical records, the ALJ learned that on February 1, 1995, Johnson had complained of symptoms such as tiredness and an inability to work for the first time. However, a physical examination at this time by his own physician, Dr. Sreenivasa R. Nattam, revealed nothing abnormal. The ALJ also learned that in June of 1995, Dr. Nattam stated that Johnson was doing "well." After considering all the evidence, the ALJ found that Johnson was no longer disabled effective December of 1993 and upheld the SSA's cessation decision, finding that Johnson's subjective complaints of disability were not supported by any objective medical evidence and were contradicted by his daily activities.

After the ALJ's decision, Johnson again sought medical treatment for a new illness and was diagnosed with vena cava thrombosis[2] on August 23, 1996. Johnson sought review of the ALJ's decision by the SSA Appeals Council, and on November 15, 1997, the Appeals Council considered Johnson's diagnosis of vena cava thrombosis and determined that this diagnosis alone did not provide a basis for reconsideration of the ALJ's decision that Johnson was no longer disabled (with leukemia) as of December, 1993. The Appeals Council advised Johnson that if he wanted the SSA to adjudicate whether or not he was disabled with vena cava thrombosis any time after December 1, 1993, it was necessary that he file a new application for disability benefits.

Johnson sought judicial review of the ALJ's decision in the United States District Court for the Northern District of Indiana, requesting that the court remand the case to the ALJ for further proceedings. In support of his request for a remand, the plaintiff submitted additional evidence to the court consisting of the medical opinion of Dr. Franklin D. Nash, a non-examining doctor with experience in

---

**2.** Vena cava thrombosis is a physical and/or medical impairment which occurs when

blood clots form in the major vein in the abdomen.

forensic medicine who, at the request of Johnson's attorney, re viewed Johnson's medical records in 1998 and provided a report to the court. Nash stated that Johnson's treating physician should have diagnosed him with vena cava thrombosis as early as 1992, the date that the dilated veins first became evident on Johnson's stomach. Nash also stated that, although Johnson's medical records demonstrated that he was not disabled in December of 1993, the symptoms he complained about at his hearing before the ALJ in 1996, including a lack of stamina and shortness of breath, were consistent with a diagnosis of vena cava thrombosis. The trial court denied Johnson's request for a remand, finding that the additional evidence did not establish that he continued to be disabled from leukemia after December of 1993. Johnson appealed.

## II. ISSUES

Concerning the denial of Johnson's disability benefits, we consider whether: (1) the Commissioner's interpretation of the Social Security Act was a permissible construction of the statute; and (2) the district court correctly found that the additional evidence provided by Johnson at trial failed to meet the requirements for a remand under the terms of the statute.

## III. DISCUSSION

A. *Is the Commissioner's Interpretation of the Words "Now" and "Current," as Used in 42 U.S.C. § 423(f), a Permissible Construction of the Act?*

 When reviewing an agency's interpretation of a statute deemed to be ambiguous, this Court will uphold the agency's interpretation if it is based on a permissible construction of the statute. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). The agency's decision will be upheld if the agency applied the correct legal standards and if substantial evidence supports its findings of fact. *See Herr v. Sullivan,* 912 F.2d 178, 180 (7th Cir.1990).

According to SSA regulations, after the agency determines that a person is disabled, it must evaluate the claimant's impairments "from time to time to determine if [the claimant is] still eligible for disability cash benefits." 20 C.F.R. § 404.1589. The agency refers to this evaluation as a continuing disability review and notifies the claimant of the review and that the review could result in the termination of benefits. *See id.* "If the review shows that [the agency] should stop payment of [the claimant's] benefits, [the SSA] will notify [the claimant] in writing and give [the claimant] an opportunity to appeal." *Id.* In evaluating a disabled claimant's eligibility for benefits, the agency must consider whether "there has been any medical improvement in [the claimant's] impairment(s) and, if so, whether this medical improvement is related to [the claimant's] ability to work." 20 C.F.R. § 404.1594. In addition, the agency must establish "that [the claimant is] currently able to engage in substantial gainful activity before [the agency] can find that [the claimant is] no longer disabled." *Id.*

42 U.S.C. § 423(f) provides that when the SSA terminates a claimant's benefits, it must examine "all the evidence available in the individual's case file, including new evidence concerning the individual's prior or *current* condition" and must determine whether "the individual is *now* able to engage in substantial gainful activity ...." (emphasis added). In the case under consideration, the agency interpreted the terms "now" and "current" to refer to the date the agency found that Johnson's disability had ceased. As such, the ALJ ruled that the SSA correctly terminated the plaintiff's benefits on December 1, 1993, the date that the evidence revealed that the plaintiff was no longer suffering from leukemia and was able to return to work.

The plaintiff contends that the use of the terms "now" and "current" in the statute requires the SSA Appeals Council to examine all evidence submitted at any time prior to the date of the hearing with the ALJ, which occurred in this case on June 5, 1996, not just the evidence relating to the period prior to the time frame that disability benefits were terminated in December of 1993. In making this argument, Johnson does not argue that the agency erred in finding that his disability ceased in December of 1993, but that after finding that the disability had ceased, the ALJ was required to adjudicate disability for a new period of time—from the cessation of disability benefits on December 1, 1993, until the date of the ALJ's decision on June 5, 1996. Thus, Johnson argues that because the SSA Appeals Council found that Johnson's evidence that he was suffering from vena cava thrombosis had no relevancy to the agency's cessation of the leukemia benefits in December of 1993, the Council made an error of law in denying the plaintiff's request for review of the ALJ's decision. In response, the defendant contends that the Appeals Council properly found that the terms "now" and "current" refer to the date that the disability ceased. Furthermore, according to the defendant, if the evidence suggests that the claimant became disabled after the cessation of the leukemia problem, the claimant is required to file a new application for benefits resulting from the other illness which allegedly caused his new disability, pursuant to 42 U.S.C. § 416(i)(2)(B).

As stated above, when reviewing an agency's interpretation of a statute, a court "must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842–43, 104 S.Ct. at 2781. When a statute is found to be either silent or ambiguous, the court must uphold the agency's interpretation if it is based on a "permissible construction of the statute." *Id.*, 467 U.S. at 843, 104 S.Ct. at 2782. Courts generally defer to agency expertise when interpreting vague or incomplete statutes. *See Paramount Health Sys., Inc. v. Wright*, 138 F.3d 706, 708–09 (7th Cir.1998). According to the SSA's policies, when an individual challenges an initial determination that a disability has ceased, subsequent agency adjudicators, including the ALJ, consider what that individual's condition was at the time of the cessation determination. *See* Acquiescence Ruling 92–2(6), 1992 WL 425419 (S.S.A.). The Acquiescence Ruling providing guidance in this case was issued by the SSA to resolve a conflict over this exact issue in the circuit courts. The ruling provides:

> SSA interprets the term "current," as used in the statutory and regulatory language concerning termination of disability benefits, to relate to the time of the cessation under consideration in the initial determination of cessation. In making an initial determination that a claimant's disability has ceased, SSA considers the claimant's condition at the time SSA is making the initial determination. In deciding the appeal of that cessation determination, the Secretary considers what the claimant's condition was at the time of the cessation determination, not the claimant's condition at the time of the disability hearing/reconsideration determination, ALJ decision or Appeals Council decision. However, if the evidence indicates that the claimant's condition may have again become disabling subsequent to the cessation of his or her disability or that he or she has a new impairment, the adjudicator solicits a new application.

*Id.* at *2. Thus, the Acquiescence Ruling provides that in interpreting the Social Security Act to determine whether a claimant's disability persists, the ALJ will consider a claimant's condition at the time of the cessation determination, not at the time that the appeal determination is being made. *See id.* Furthermore, if an adjudicator finds that the cessation determination was proper, the analysis must end. *See id.* If the evidence in any way sug-

gests that the claimant may have become disabled again after his disability ceased, the adjudicator will suggest the filing of a new application for benefits. *See id.*

Other provisions of the Social Security Act certainly support the agency's position which mandates that, after an agency finds that the disability has ceased, a claimant must file a new application to establish a new entitlement to benefits. The Act defines a "period of disability" as a "continuous period ... during which an individual was under disability." 42 U.S.C. § 416(i)(2)(A); 20 C.F.R. § 404.320(a). The Act further provides that "[n]o period of disability shall begin as to any individual unless such individual files an application for a disability determination with respect to such period." 42 U.S.C. § 416(i)(2)(B).

■ In the case under consideration, Johnson filed an application for a period of disability and disability insurance benefits on June 1, 1989. On June 30, 1989, the SSA made a final determination of Johnson's application and found that the plaintiff-appellant was disabled. At this point, Johnson no longer had a live application because the final determination had been made in his favor and he had no pending applications. Four years later, in 1993, the agency conducted a continuing disability review, pursuant to 42 U.S.C. § 423(f), to determine whether Johnson's medical condition had improved and whether his "current" condition permitted him to "now" engage in "substantial gainful activity." *See* 20 C.F.R. §§ 404.1589, 404.1594. The agency determined that Johnson's disability ended in December of 1993. At this time, Johnson was required, under the SSA's interpretation of 42 U.S.C. § 423(f) and dictated by Acquiescence Ruling 92–2(6), to file another application for a different disability to be entitled to disability insurance benefits because his 1989 application had been decided in his favor and he had no pending applications or disabilities at the time of the cessation determination. We reach this holding based on case law which states that when a statute is silent

or ambiguous, the court should not disturb the agency's interpretation "if it reflects a plausible construction of the plain language and does not otherwise conflict with Congress' expressed intent." *Banuelos v. Apfel,* 165 F.3d 1166, 1171 (7th Cir.1999) (citation and internal quotation omitted).

In response, Johnson relies upon the Sixth Circuit's decision in *Difford v. Secretary of Health and Human Servs.,* 910 F.2d 1316 (6th Cir.1990), for the proposition that the agency's interpretation violates the plain language of section 423(f). *Difford* is the only case decided by the circuit courts which considers this issue. The pertinent facts in *Difford* are similar to those under consideration. The SSA found that the claimant Difford's entitlement to benefits ended in June of 1982. *See id.* at 1317. The ALJ issued his determination denying benefits in 1988, but did not adjudicate whether Difford became disabled again at some point prior to the ALJ's hearing date. *See id.* The Sixth Circuit reversed and remanded the case, holding that the plain meaning of "now" and "current," as used in 42 U.S.C. § 423(f), required the agency to adjudicate disability through the time of the ALJ's hearing. *Difford,* 910 F.2d at 1319–20 (citations omitted). The *Difford* court held that its decision allowed the agency to withhold benefits for any "period of nondisability" that might intervene between the two periods of disability. *Id.* at 1320.

The SSA has concluded that, by using the terms "now" and "current," Congress was merely distinguishing between the time when the agency originally made a determination that the claimant was disabled and the time the agency determined whether disability ceased. *Difford* calls for the agency to disregard the explicit language of the Act which requires that in order to obtain disability insurance benefits, an individual must file an application. The *Difford* interpretation implies, in essence, that the SSA is barred from terminating benefits at any time prior to the ALJ's decision if the claimant continues to

diligently appeal the benefits termination decision. As such, we disagree with the *Difford* court's holding concerning the interpretation of the terms "now" and "current" in section 423(f) because it conflicts with the agency's well-grounded conclusion.

B. *Was the District Court's Finding That the Additional Evidence Provided by Johnson Failed to Meet the Requirements for a Remand Under 42 U.S.C. § 405(g) Proper?*

■ Next, we consider whether the district court committed error in finding that the evidence presented by Johnson to the trial judge failed to meet the requirements for a remand under the terms of the Social Security Act. This Court reviews *de novo* whether supplemental evidence submitted by a Social Security claimant warrants a remand under 42 U.S.C. § 405(g). *See Sample v. Shalala,* 999 F.2d 1138, 1144 (7th Cir.1993).

■ Johnson seeks remand for consideration of the testimonial evidence of Dr. Nash presented at trial pursuant to the sixth sentence of 42 U.S.C. § 405(g). The sixth sentence of the statute provides that the district court

> may ... remand the case to the Commissioner of Social Security for further action ... and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). Thus, in order to prevail on his request for remand, Johnson must establish that the additional evidence is material and that he has good cause for not presenting it earlier. *See Sears v. Bowen,* 840 F.2d 394, 399 (7th Cir.1988) (citations omitted). We have previously held that evidence is material in an administrative proceeding if there is a "reasonable possibility" that its consideration would have changed the ALJ's decision.

*Id.* at 400. To be material, the evidence must "relate to the claimant's condition during the relevant time period encompassed by the disability application under review." *Anderson v. Bowen,* 868 F.2d 921, 927 (7th Cir.1989) (citations omitted).

■ In the case under consideration, we have previously determined that the SSA was correct in refusing to adjudicate disability after the cessation of benefits date, and we therefore affirm the district court's decision and deny a sentence six remand. Johnson has not argued that the testimonial evidence of Dr. Nash could reasonably have changed the ALJ's conclusion that his disability had ceased by December of 1993. In fact, Johnson argues that the evidence relates only to the unadjudicated period between the cessation determination and the ALJ's decision. Furthermore, Dr. Nash's comment that Johnson's treating physician should have diagnosed him with vena cava thrombosis as early as 1992 in no way relates to his leukemia, the disability for which he was receiving benefits, and Nash himself stated that the medical records established that Johnson could work in December of 1993. In effect, his materiality argument depends on our resolution of the prior issue under consideration, whether the Commissioner's interpretation of the words "now" and "current" was a permissible construction of the Social Security Act, and we have already determined that the unadjudicated period is irrelevant to the question before us.

## IV. CONCLUSION

We conclude and hold that the Commissioner's interpretation of the Social Security Act was a permissible construction of the statute, and the district court's finding that the additional evidence provided by Johnson failed to meet the requirements for a remand under the terms of the statute was proper.

AFFIRMED.