**Michael MCNABB, Plaintiff–Appellant,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 02–16225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2003.

Filed Aug. 21, 2003.

Jesse S. Kaplan, Sacramento, CA, for the plaintiff-appellant.

Geralyn A. Gulseth, Assistant Regional Counsel, Social Security Administration, San Francisco, CA, for the defendant-appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON and W. FLETCHER, Circuit Judges.

SCHROEDER, Chief Judge:

This social security case arises out of a factual situation that the district court aptly characterized as a bit out of the ordinary. It involves a claim for disability benefits for successive disabilities of entirely different origins.

Plaintiff-appellant Michael McNabb was originally awarded disability benefits in 1992 on the basis of substance abuse and psychological impairments. In 1995, the Social Security Administration ("SSA") began a continuing disability review, which eventually concluded that any disabilities had ceased as of January 31, 1996, the "cessation date." McNabb had a hearing on August 12, 1997, before an Administrative Law Judge ("ALJ") in which he contended that he was still entitled to disability benefits, but on the basis of a back injury stemming from chiropractic treatment during the month of January 1996. On January 15, 1999, the ALJ ruled that McNabb was no longer disabled as of the cessation date and that his disability benefits were therefore properly terminated.

McNabb filed this action in district court in 2000 challenging the termination of his benefits. After cross-motions for summary judgment, the magistrate judge recommended granting the SSA's motion, and the district court so ordered, affirming the decision of the ALJ. It held that the ALJ's decision was supported by the evidence, but it looked only to the evidence in the record that predated the cessation date. The magistrate's report, which was adopted in full by the district court, acknowledged, however, that if it were able to look at the post-January 1996 medical evidence relating to the plaintiff's condition as of the January 31 cessation date, the plaintiff "might well have a point that the

ALJ's opinion lack[ed] substantial evidence support."

McNabb first argues that the district court erred when it rejected McNabb's contention that the relevant date for determining the existence of the back disability was the date of the ALJ's hearing, not the cessation date. On that issue, there is a split among the circuits. In *Difford v. Secretary of Health & Human Services,* 910 F.2d 1316, 1319–20 (6th Cir.1990), the Sixth Circuit held that the ALJ should adjudicate the claimant's disabilities through the time of its hearing, such that if the claimant were found to be disabled at the time of the hearing—even if he was not disabled as of the cessation date—his benefits should not be terminated. In response to *Difford,* the SSA issued an "Acquiescence Ruling" to explain that the agency would comply with the decision only in the Sixth Circuit because it conflicted with the agency's own interpretation of the Social Security Act ("Act"). *See* Social Security Acquiescence Ruling 92–2(6), 57 Fed. Reg. 9262 (Mar. 17, 1992). In Acquiescence Ruling 92–2(6), the SSA stated that its existing policy was to review termination cases on the basis of the claimant's condition only as of the cessation date, not the condition at the time of the ALJ hearing, but that it would alter its policy in the Sixth Circuit. *See id.* at 9264. The Seventh Circuit in *Johnson v. Apfel,* 191 F.3d 770, 776 (7th Cir.1999), subsequently determined that the SSA's statement of existing policy in the Acquiescence Ruling was an interpretation entitled to deference, and held that the operative date is the cessation date, not the date of the hearing. Thus, the Seventh and Sixth Circuits are in conflict.

McNabb asks us to adopt the Sixth Circuit view and hold that the ALJ should have considered any disability in existence at the time of the hearing. We decline,

however, to decide in this appeal whether the ALJ should have considered McNabb's condition as of the cessation date or as of the date of the hearing. This is because even if we were to reject McNabb's contention and agree with the Seventh Circuit that the agency interpretation of the Act is a permissible one, and that the ALJ could consider McNabb's condition only as of the cessation date, we would still have to conclude that the district court took too narrow a view of the Act.

The district court looked only to the evidence available before the cessation date. The district court was required to consider all of the evidence available at the time of the ALJ's hearing to evaluate the plaintiff's claim that he had a back disability as of the cessation date. The Acquiescence Ruling itself states that the SSA's existing policy requires the ALJ to determine "the claimant's condition [ ] at the time of the cessation determination." 57 at 9264. The governing statutes provide that the agency is to answer that question "on the basis of all the evidence available in the individual's case file." 42 U.S.C. §§ 423(f), 1382c(a)(4). In this record there is post-cessation date evidence the district court did not consider that may well be relevant to determine McNabb's condition as of the cessation date of January 31, 1996. This medical evidence from later in 1996 indicates that McNabb had a serious back condition and that it may have stemmed from a chiropractic treatment given during January 1996. Given the claimant's argument that his back condition arose from a traumatic injury, the onset date of any resulting disability would be established as the date of the trauma. *See* Social Security Ruling 83–20, 1983 WL 31249. In this case, that would be the alleged chiropractic treatment given in January 1996, the month preceding the cessation date.

The district court looked only to the evidence available as of the cessation date and failed to consider all of the evidence available to the ALJ. We therefore remand to the district court so that it may consider all of the evidence to determine whether McNabb had a back disability with an onset date before the January 31, 1996 cessation date. Accordingly, we do not need to decide at this time whether the ALJ should have considered McNabb's condition as of the time of its hearing, rather than as of the cessation date, the issue that divides our sister circuits.

The district court's grant of summary judgment to the SSA, and its denial of summary judgment to McNabb, is VACATED and the case is REMANDED for further proceedings.