NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 9, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1451

| | |
|---|---|
| SCOTT R. BLEVINS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:10-CV-91-CAN |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security | Christopher A. Nuechterlein, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

**O R D E R**

Six years after the Social Security Administration found Scott Blevins disabled because of mental impairments, an administrative law judge determined that Blevins' condition had improved to the point that he was no longer disabled, and withdrew benefits. We affirm the district court's judgment upholding the ALJ's determination that Blevins was no longer disabled.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2002 Blevins was diagnosed by consultative examining psychologist Dr. Daniel Hauschild with major depressive disorder, learning disorder, attention deficit disorder, post-traumatic stress disorder, and several other mental disorders. Dr. Hauschild also determined that Blevins had a "Global Assessment of Functioning" score of 43. AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 34 (4th ed. 2000). A GAF score reports the clinician's assessment of the patient's overall level of functioning, and a range of 41–50 reflects serious symptoms or a "serious impairment in social, occupational, or school functioning." *Id.*; *see also Craft v. Astrue*, 539 F.3d 668, 676 n.7 (7th Cir. 2008). Relying primarily on Dr. Hauschild's report, Dr. Richard Zaloudek, a state agency reviewing psychiatrist, assessed Blevins as having various restrictions in his residual functional capacity due to his mental impairments. Dr. Zaloudek also opined that Blevins could not sustain simple repetitive tasks in a competitive work setting. Based upon the restrictions assessed by Dr. Zaloudek, the SSA determined that Blevins was disabled as of December 2001 and awarded benefits.

Under a "continuing disability review" process that periodically evaluates whether a claimant's impairments still qualify the claimant for benefits, *see* 20 C.F.R. § 404.1589; *Johnson v. Apfel*, 191 F.3d 770, 773 (7th Cir. 1999); *Delph v. Astrue*, 538 F.3d 940, 945–46 (8th Cir. 2008), the SSA reevaluated Blevins' impairments in 2007 and found him no longer disabled. Blevins sought further review, and an ALJ concluded after a hearing that Blevins was no longer disabled. In reaching this conclusion, the ALJ carried out the sequential eight-step evaluation used in the continuing disability review process. *See* 20 C.F.R. § 404.1594(f); *Dixon v. Barhnart*, 324 F.3d 997, 1000–1001 (8th Cir. 2003). The ALJ found that Blevins was not engaged in substantial gainful activity (step one); that he had medically determinable impairments, including attention deficit disorder, learning disorder, personality disorder, and depression, but that these impairments did not meet or equal the severity of an impairment listed in appendix 1 of 20 C.F.R. § 404, subpt. P (step two); that Blevins had experienced "medical improvement" since he was found disabled in 2002 (step three); that his medical improvement related to his "ability to do work" because his residual functional capacity had improved since 2002 (step four); that his impairments were severe (step six);[1] that Blevins' residual functional capacity permitted him to perform some of his past relevant work, based upon the testimony of a vocational expert at the hearing (step seven); and, alternatively, that Blevins could perform other work existing in the national economy (step eight). The Appeals Council denied Blevins' request for review, which left the ALJ's ruling as the final decision of the Commissioner of Social Security.

---

[1] Step five, which the ALJ skipped, was not relevant because the ALJ found that Blevins had experienced medical improvement. *See* 20 C.F.R. § 404.1594(f)(5).

Blevins sought judicial review, *see* 42 U.S.C. § 405(g), and a magistrate judge, presiding with the consent of the parties, upheld the ALJ's decision. The magistrate judge construed Blevins' brief as challenging numerous aspects of the ALJ's decision but concluded that the ALJ's final decision was supported by substantial evidence.

We can discern only three arguments in Blevins' brief on appeal that are developed sufficiently to challenge the district court's conclusions. *See* FED. R. APP. P. 28(a)(9). First Blevins asserts that the ALJ erroneously found at step three that his mental impairments had improved because, in his view, his impairments are permanent and unchangeable. We agree with the district court, however, that this finding is supported by substantial evidence. Medical improvement is defined by the Social Security regulations as "any decrease in the medical severity of [the claimant's] impairment(s)" since the most recent decision finding the claimant to be disabled, and the decrease must be based on improvement in the symptoms, signs, or laboratory findings associated with the impairments. 20 C.F.R. § 404.1594(b)(1); *see Jones v. Shalala*, 10 F.3d 522, 524 (7th Cir. 1993); *Delph*, 538 F.3d at 947. Here, as the ALJ noted, consultative examining psychologist Frank Choate in 2007 had measured Blevins' GAF score at 51—higher than the score of 43 that Dr. Hauschild had measured five years earlier and within the range of only "moderate" symptoms or difficulty in functioning. AM. PSYCHIATRIC ASS'N at 34. The ALJ also noted the view of state agency reviewing psychologist J. Gange, who determined that as of 2007 Blevins could perform simple repetitive tasks in a competitive work setting, in contrast to Dr. Zaloudek's prior opinion.

Blevins next asserts that substantial evidence does not support several findings the ALJ made at step seven while calculating his residual functional capacity, specifically in regard to the extent to which his mental impairments limited his functioning. Blevins notes, for example, that he does not own a computer and attended martial arts classes only for one day, contrary to the ALJ's findings that he took martial arts classes for three years and played computer games for eight hours each day. But these facts came from the report of Dr. Choate, which the ALJ appropriately credited. Blevins' argument is meritless.

Finally, Blevins asserts that he was not informed of his options for obtaining appointed counsel at his hearing before the ALJ, either by the ALJ at the hearing's outset or previously by the SSA through written notice. *See* 42 U.S.C. § 406(c); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). But Blevins waived this argument because he not did raise it in the district court. *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004).

Accordingly, we **AFFIRM** the judgment of the district court.